Lipscomb, J.
In this case the defendant in error brought suit against the plaintiff iu error ou a note of hand. The note is fully set out in the petition, showing' the amount, the date, and when due.
There was no defense, and judgment went by default against the defendant below.- Tineuteriug up the judgment the clerk evidently made a mistake, and entered it for a less amount than the petition and note showed to be due. Before any attempt was made to correct this mistake, the defendant in the court below sued out a writ of error for the purpose of bringing the case into tlris court.
The plaintiff below gave notice to the counsel who had signed the petition that on a day named in the notice he would move the District Court, then in session, to correct the judgment of the preceding term. This applica- *144 t.ion to amend was made pursuant to the provisions of article 7SG, Hartley’s Digest. The judgment was amended; and the defendant in error presents the transcript of such amendment to this court, and asks that it shall be taken as part of the record in this case under the provision of the statute above cited. The counsel for the plaintiff in error objects to its being received, first, on the ground that McNairy, the defendant in the cuiirt below, had no reasonable notice of the motion to amend the judgment; and, second, because the nolice on"the attorney who signed the petition for a writ of error in this case notified him, after three days from the service of the said notice, application would be made to amend the judgment, and the application was made without the consent of the defendant’s attorney on the next day after the notice had been given, and the amendment was then made.
Note 50.—Burke v. Thomson, 20 T., 158.
Rote 61.—Gillian v. Henderson, 12 T., 47; Westall v. Marshall, 16 T., 182. Judgments may be amended after notice to the adverse party. (Wheeler v. Goffee 24 T., 660; Thomson v. Bishop, 20 T., 154; Russell v. Miller, 40 T., 494.)
It was insisted under the first objection that the notice to the attorney was not a compliance with the statute; that it should be served on the party or his attorney of record ; (see article cited above ;) that there was no attorney of record for the defendant at the time the judgment by default was rendered. It is true there was no attorney of record when the judgment was rendered, and liad the petition for a writ of error not been signed by an attorney the notice could only have been given t.o the party. Thepetition, however, for a writ of error was a proceeding directly connected with the judgment sought to be reversed, and we believe that it constituted, for the purpose of notice, the attorney who signed it the attorney of record within the statute.
The second objection seems to be well taken. The record shows'that the amendment was made the next day after the notice had been given, and that the notice was that the application would be made three'days after the service of the notice. It is true that the statute above cited does not require any specific time to be given, only that “ the party, his agent, or attorney of record shall liave reasonable notice of the application for such amendment;” yet we do not conceive that to make the application at an earlier day than the one designated would be giving a reasonable notice. It would be worse than no notice, because it would mislead. We tliink, therefore, the amendment must be rejected. We believe that in this case it is competent for this court to make the same amendment that was irregularly made in the court below it is very apparent from the record that an error was committed in the court below in the rendition of the judgment, not to the prejudice of the plaintiff in the writ of error, but to the injury of the defendant in error. This error being apparent on the record, we are authorized to notice it. (See Digest, art. 2930.) And there being sufficient on the record to show what the judgment ought to be, we are competent to reverse the judgment and lender it as it appears from tlie record it ought to be. (See art. 2913, Digest.) It is therefore ordered that The judgment of the court below be reversed and tiie proper judgment rendered in this court for the amount shown by the record to be the true amount due, and that the defendant in error pay the costs of this court.
Ordered accordingly.