Perry v. Rohde.

THOMAS PERRY v. HENRY ROHDE.

Where the defendant in a suit commenced in a Justice's Court is not duly cited, and judgment is given against him by default, and he obtains a certiorari, the cause stands for trial *de novo* in the District Court, the same as if the defendant had been duly served, and the costs, it would seem, abide the result, the same as in other cases of certiorari.

Error from Fayette. Tried below before the Hon. James H. Bell.

This was an action commenced before a Justice of the Peace, by the defendant in error against the plaintiff in error, on a note for $32 28. Citation was served on the defendant Perry on Monday, the 30th day of April, which was only four days before the return day of the writ, to wit: On the first Saturday in May, 1855. The defendant did not appear, and judgment by default was rendered by said Justice.

The case was taken by certiorari to the District Court, and upon the trial the defendant contended *in limine* that the original service on him was defective, and the judgment void, and asked the Court to remand the case for legal service; which was refused, and judgment rendered against Perry for the amount of the note and all costs expended in the District Court, and also in the Justice's Court, for the reversal of which the defendant prosecuted this writ of error.

*J. T. Harcourt*, for plaintiff in error.　I think it very clear that the Judge in the Court below erred in refusing to quash the service, and in not remanding the case for legal service.

In O'Connor v. Towns, 1 Tex. R. 117, where the service in the Court below was made too late, the judgment was reversed and the cause remanded, with direction to have a copy of the petition and a citation served on the defendant, to bring him into Court to answer the demand of the plaintiff.　·

We think the same rule should obtain when a case is brought up from a Justice's Court.

In the case of Baker v. Chisholm, 3 Tex. R. 157, this Court say : "An appeal cannot confer upon the appellate Court a jurisdiction which the Court *a quo* did not possess.　The defendant appeared in the District Court, and without waiving the error, plead in abatement, moved to quash, which motion should have been granted according to Frosh v. Schlumpf, 2 Tex. R. 222.

*A. R. Gates*, for defendant in error, suggested delay.

HEMPHILL, CH. J.　The only objection to the judgment before the magistrate, (which was brought up by certiorari,) is that service was not had on defendant five full days (exclusive of the day of service and return) before the trial.　The defendant did not appear, and judgment was entered by default.

The magistrate might and ought to have refused to proceed until the succeeding Term of his Court, and the error in thus proceeding, or the defect of service, is good ground for the certiorari.　The defendant may have supposed that the Court would not act until service was perfected, and that such would be the time to set up his defence.

But although this may be sufficient ground to remove the case to the District Court, yet it is not good cause to quash the proceedings before the Justice, and remand for proper service of the writ.　The ends of justice do not require such a mode of procedure.　The trial is *de novo* in the District Court, and a meritorious defence would be as available in that Court, as before the Justice.　If there be such defence, relief can be had without remanding the cause.　If there be no defence, the defendant is not injured, whether the judgment be in the one Court or the other.

A different rule obtains where there is an appeal from a judgment by default in the District Court, on the ground of defective service.   There is no trial *de novo* in the Supreme Court; and the defence, if any, would be wholly excluded, unless on new trial in the Court below.

The judgment in this cause was on the merits, and there being no error it is ordered that the same be affirmed.

Judgment affirmed.