"Wheeler, O. J.
—The want of proper citation and service would not authorize the dismissal of the suit. And in Perry v. Rhode, where there was no service, and judg *180 ment by default was given by the justice, and the defendant removed the cause into the District Court by certiorari, and that court refused to entertain the objection of want of service in the justice’s court, and to remand the case to obtain • service, this court affirmed the judgment. (20 Tex., 729.)
On the authority of that decision it must be held, that the court erred in dismissing the cause. The ground of the decision is, that a certiorari is not awarded for the correction of the merely erroneous rulings of the justice, but is for the purpose of enabling the party to have the very right and justice of his case administered. As the trial in the District Court is de novo, this object is as certainly attained as if there hacl been service duly made before the justice; and, the party being now properly in court, by his own petition for certiorari, and the cause having been removed into the District Court for a trial upon the merits, it would be an idle and useless thing to have it remanded to the justice, for the mere purpose of correcting the irregularity or illegality in the ruling of the justice respecting the service. The District Court does not sit as a court of errors for the correction of the errors of the justice, but entertains the case for the purpose of a new trial of the case upon its merits. The judgment is
Reversed and the cause remanded.