## FRANK A. THOMSON v. WAYNE S. BISHOP.

Where the defendant had prosecuted error, and the judgment had been reversed for want of legal service, and the case remanded, it then stood in the district court for future action upon the record and mandate, and if the defendant fail to answer, he was liable to a judgment by default.

Where the court had granted the sheriff leave to amend his return, and he had amended it after the writ of error was served, but before the transcript was filed in the Supreme Court, the defendant cannot object that the amendment was improperly made. The district court still had jurisdiction of the case. (Paschal's Dig., Art. 53, Note 242.)

Notice of amendments may be served by any person who may be a competent witness. (Paschal's Dig., Art. 1463, Note 561.)

After appearance by attorney, the defendant cannot object to the insufficiency of the sheriff's return.

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

On the 24th of February, 1858, Bishop filed his petition against Thomson. Citation was issued, and returned "Executed March 9, 1858, by serving the defendant with a true copy of this writ and a certified copy of plaintiff's petition." At the October term, 1858, judgment by default was rendered against the defendant. On the 4th of January, 1859, Thomson sued out a writ of error. On the 15th of October, 1859, during the fall term of the district court, the sheriff, on motion of the plaintiff, was allowed to amend his return. This amendment was assigned as an additional ground of error. At the Austin term, 1859, of the Supreme Court, the judgment of the court below was reversed. (24 Tex., 302.) And at the spring term, 1860, of the district court, judgment by default was again rendered

against the defendant. From this last judgment this writ of error is prosecuted.

This court, in reversing the judgment of the October term, 1858, held, that the proceedings subsequent to that judgment were nullities, and said: "We think, therefore, this case must be regarded as if there had been no amendment of the return by the sheriff. The return is bad, under the decision of the court repeatedly made, and for that reason the judgment is reversed."

There was a principle not urged upon the court, and which has never been formally decided in Texas, I believe, but which is, nevertheless, one of general law elsewhere. It is, that the defendant having prosecuted error, and had the judgment reversed for defective service or no service, when the mandate goes down and the case is re-docketed, the defendant is then in court, precisely as if he had acknowledged service, or there had been good service upon him.

*Sayles & Bassetts*, for the plaintiff in error.

*Giddings & Owens*, for the defendant in error.—When this case was before this court at its Austin term, 1859, the question arising in it was stated by the court to be, "Whether or not, after the term of the court at which a judgment is rendered, the sheriff can amend a defective return of service after citation, on which a judgment by default has been taken, upon a mere motion made by the plaintiff below, with notice thereof served upon the attorney of the defendant below, who had filed a petition for a writ of error." In that case, the motion to allow the sheriff to correct his return was not made until two terms of the court had intervened after the rendition of the judgment and a writ of error had been sued out.

The judgment was reversed at the Austin term, 1859, and remanded to the court below, where, at the spring term, 1860, the present judgment was rendered.

The ground upon which the former judgment was reversed was, that "the defendant was cut off from his right of pleading that he had in fact not been properly cited, or any other defense."

In this case the return of the sheriff was corrected at the fall term, 1859, and the defendant, being then in court, had had from the 23d of January, 1860, when the mandate of the Supreme Court was filed in the court below, to the spring term, 1860, which was in the following April. The defendant was, beyond question, in court at the time the mandate was filed, and "had full opportunity to plead either in abatement or in bar any defense which he may have had to the action."

It was not necessary that the motion to correct the return should have been served upon the defendant. "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court." (O. & W., Art. 420.) It was a matter entirely within the discretion of the court. (Flemming v. Powell, 2 Tex., 230; Porter v. Miller, 7 Tex., 482; Cartwright v. Chabert, 3 Tex., 261.)

MOORE, C. J.—The only objection made to the judgment in this case is, that the amendment of the sheriff's return of the original citation was made in the district court after the petition for writ of error was filed, the writ of error bond given, and the citation in error duly served to bring before this court for correction the first judgment rendered in this case by the district court. Service of the citation in error having been perfected, it is claimed the jurisdiction over the case was transferred from the district court immediately to this court, and that said amendment was, therefore, made *coram non judice,* and is absolutely void.

A similar view, with reference to the jurisdiction of the two courts, was urged, as the correct rule upon the subject, in the case of Miller v. Jasper, 10 Tex., 514, soon after the

passage of the law requiring the assignment of errors in the district court before the withdrawal of the transcript of the record from that court. But it was held, and has since that time been uniformly held, that the assignment of errors might be filed in the district court at any time previous to the day upon which the transcript is required by law to be filed in this court. And it has been the uniform practice of the court to permit the incorporation in the record, and to act upon amendments and corrections made in the district court, at any time previous to the day on which the transcript is required by law to be filed in this court. In this case, when it was before the court on the former writ of error, the amendment now in question was included in the record, and its legal effect was passed upon and determined by the court, without the slightest intimation that it was not properly in the transcript, and a legitimate part of the case before the court, which, of course, it could not have been, if made after the jurisdiction over the cause had passed from the district court.

When the first judgment of the district court was reversed by this court, and the cause remanded for further proceedings, it stood in that court as a pending case for action on the facts, as presented by its record, and the mandate of this court, showing a reversal of its former judgment. If, from this record, it appeared that the defendant was properly before the court, and failed to answer to the plaintiff's petition, the latter was entitled to a judgment against him by default. And as it has been, as we have said, the uniform practice to regard the record as within the control of the district court until the day for filing the transcript in this court, the amendment of his return by the sheriff was properly treated as a legitimate part of the record before the court; and it appearing from it that the defendant had failed to answer, although ample time for his doing so had elapsed after the mandate of this court was filed, showing the reversal of the original judg-

ment, the court properly gave this judgment by default against him, from which the present writ of error is prosecuted.

The objection that notice was given to the attorney and not to the party himself cannot be held valid. The law authorizes notice, when necessary in the progress of a cause, to be served either on the party or his attorney of record. (Hart. Dig., Art. 750.) The right of the opposite party to serve the attorney of record with any such notice cannot be defeated by any mere private understanding between such attorney and his client, limiting the extent of his employment, or the purpose for which he appears in the case.

And if it did not appear from the sheriff's amended return that the defendant below was properly before the district court when the judgment was entered against him, his previous appearance by attorney would have obviated this necessity. (Perry v. Rohde, 20 Tex., 729; Hill v. Faison, 27 Tex., 428.) The judgment is

AFFIRMED.