JAMES KING v. W. J. GOODSON & Co.

1. WHEN A SECOND JUDGMENT BY DEFAULT MAY BE TAKEN, AND THE FIRST SET ASIDE WITHOUT NOTICE TO DEFENDANT.—B obtained judgment by default against C in a suit on a promissory note which sought the enforcement of a vendor's lien. At the same term, on B's application, the judgment was set aside without notice to C, and after an amendment by B, of which C was not notified, more carefully describing the property on which the lien was sought, a second judgment by default was obtained enforcing the lien: *Held*, that since the original petition sufficiently described the property, there was no error.

2. WHEN SERVICE OF AN AMENDMENT NOT REQUIRED.—When the object of an amendment is merely to cure a defective statement, or to give form to what was before informal, or the like, no service of the amendment on the defendant is necessary.

ERROR from Hopkins. Tried below before the Hon. W. H. Andrews.

*W. C. Loving*, for plaintiff in error.

*Jones & Henry*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—Suit was brought on a note which showed on its face that it was given for the purchase money of one-third of an undivided half interest in a lot and appurtenances in the town of Sulphur Springs. The petition adds to the description of the lot by alleging it to be east of and adjoining to the lot on which is situated the Baptist church; that the steam mill and other structures therein named are situated on the lot for which the note

6

was given, and prays for judgment on the note sued on, and also for the enforcement of the vendor's lien.

A judgment by default was taken for the amount due on the note, and at the same term this judgment was set aside upon motion of plaintiffs below, who are defendants in error here, without notice to the defendant, King, of said motion.

The plaintiffs below amended their petition by setting out the metes and bounds of the lot, particularly locating the lot again east of the lot on which is situated the Baptist church, as may be seen by tracing the calls in the description, and averring it to contain the same amount of land and improvements thereon as stated in the original petition, and to be the same lot as that described in the original petition, and also again praying for the enforcement of the vendor's lien and for judgment as in the original petition.

Again, and during the same term, without any further notice to, judgment by default was rendered against him for the same amount and for the vendor's lien upon the lot, mill, and other improvements, according to the description of those given in the amended petition.

Plaintiff in error complains of the action of the court, and contends that notice should have been given to him in setting aside and reforming the judgment, and also notice should have been given to him of the amended petition.

As to the first point, it is sufficient to say, that being a judgment by default, and the judgment during the term being within the control of the court, it was clearly within the power of the court, without further notice, to amend the judgment, so far as might be necessary to cure any mistake or omission of the clerk apparent upon the record itself, as it was in this case. And had the judgment been amended without amending the petition, so as to give the plaintiff the benefit of the vendor's lien upon the lot and improvements thereon, as described in the original petition, it would have been a good and proper judgment.

As to the second point, in relation to the amplification of the description of the lot in the amended petition, the general doctrine, as formerly announced by this court, is expressed as follows in the case of Morrison v. Walker, by Justice Bell, 22 Tex., 18: " Where the object of an amendment is merely to cure a defective statement, or to give form to what was before informal, or the like, we do not think service of the amendment to be necessary."

Under this rule, which has frequently been laid down, we think notice of this amendment was not necessary, and finding no error, the judgment is affirmed.

AFFIRMED.