DAVID SPENCER V. A. E. McCARTY.

1. AMENDMENT—PRACTICE.—The appropriate use of an amendment to the petition is to give a more full and clear statement of the cause of action alleged in the original; and a definite description of land, against which it is sought to enforce the vendor's lien, may be given by amendment.

2. SAME.—The defendant is bound to notice the filing of such amendments, and judgment by default may properly be taken without service of notice of filing.

3. PRACTICE—VARIANCE.—Where a note is copied into the petition, or attached thereto as an exhibit, there can be no variance when the note is offered in evidence.

4. PLEADING.—The "promise" to pay is sufficiently alleged where the execution and delivery of a promissory note are alleged, and the note made part of the petition.

ERROR from Cherokee. Tried below before the Hon. R. S. Walker.

The facts are given in the opinion.

*Priest & Priest*, for plaintiff in error, cited Bledsoe v. Wills, 22 Tex., 650; Malone v. Craig, 22 Tex., 609; 2 Tex., 310; Chitty on Pl., 337, 338; Hall & Jones v. Jackson, 3 Tex., 310; Davison v. League, 16 Tex., 407; Morrison v. Walker, 22 Tex., 18.

*Wilson & Bonner*, for defendant in error.

GOULD, ASSOCIATE JUSTICE.—Alisthenis E. McCarty filed his petition against David Spencer, alleging that Spencer executed and delivered to him his promissory note set out in the petition as follows: "$500. By the 1st day of January, 1874, I promise to pay Samuel M. Long, M. L. Long, A. E. McCarty, E. J. McCarty, and S. A. McKee, or bearer, the sum of five hundred dollars, in gold, with ten per cent. interest from date until paid, it being a part of the purchase-money for one hundred and ninety-three acres of land near Larissa, and known as the S. L. McKee's land, when received.

This February 12, 1872," signed by David Spencer. The petition alleged that plaintiff was the holder and owner of the note; that it was due, and with the exception of a credit indorsed, remained unpaid after demand made, and prayed for judgment for the balance due with interest; "and that petitioner's vendor's lien upon said tract of land named in said note be foreclosed, and that said land be sold to satisfy said debt." The defendant Spencer was regularly served with citation, and at the ensuing term of court, the plaintiff, before taking judgment by default, filed an amended petition, making the note sued on a part thereof, and alleging "that the tract of land for which said note was given, and upon which he holds the vendor's lien, is more particularly described as follows, to wit: in the James Cobb survey, beginning, &c., giving a description of the land by its boundaries, and winding up thus: 'containing one hundred and ninety-three acres more or less, and being the said land conveyed to said David Spencer by Samuel M. Long, M. L. Long, A. E. McCarty, E. J. McCarty, and S. A. McKee, by deed dated 12th day of February, 1872, and recorded in said Cherokee county, in book A, No. 2, on pages 407 and 408, and the same for which said note sued upon was given by said defendant.'"

After this amendment, the plaintiff had judgment by default enforcing his lien on the land described in the amended petition.

It is claimed on the part of the plaintiff in error that the amended petition set up new matter, and made new issues; and that he was entitled to notice as he would have been if a new cause of action had been set up in the amendment. (Morrison *v.* Walker, 22 Tex., 18.) The purport of the amendment was merely to cure the defective statements of the cause of action in the petition, including the defective description of the land on which the lien was claimed. (*Id.*) It did not set up any new demand in addition to the debt and lien claimed in the original petition, but was confined to

giving a more full and clear statement of the same cause of action, which is the appropriate province of an amendment. (Scoby *v.* Sweatt, 28 Tex., 713.) The defendant was bound to take notice of such an amendment without a new citation. (Ward *v.* Lathrop, 11 Tex., 292; De Walt *v.* Snow, 25 Tex., 321; King *v.* Goodson, 42 Tex., 81.)

In regard to the other assignments of error, it is sufficient to say that the note was both set out in the original and attached to the amended petition; that from the face of the note the promise to pay sufficiently appears; and that, with the note thus set out, there could be no variance growing out of the averment that the note was executed to the petitioner.

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　　AFFIRMED.