## E. G. HANRICK v. NICHOLAS HANRICK.

### (Case No. 4817.)

1. AMENDMENT.— An amendment to a petition, the object of which is to make more specific the grounds for a claim asserted in the original petition, cannot change the character of the suit, nor does it introduce a new cause of action.
2. CASES APPROVED AND FOLLOWED.— Hanrick v. Hanrick, 54 Tex., 101, and Hanrick v. Hanrick, 61 Tex., 596, in which see full discussion of the statutory provisions regarding alienage.

APPEAL from Williamson. Tried below before the Hon. T. P. Hughes.

December 13, 1878, appellees and Mrs. Elizabeth O'Brien brought this suit against appellant and Phillip O'Brien and his wife to establish their right by inheritance to an interest in the land described in the petition, and to divest apparent title out of Phillip O'Brien and wife. The plaintiffs claimed by inheritance from Edward Hanrick, deceased, as follows: appellee one-third, and Mrs. Elizabeth

O'Brien one-third. Appellant claimed title to the entire tract of land by inheritance from said Edward Hanrick, on the ground that appellees and Mrs. O'Brien, being aliens, could not inherit.

An amended petition was filed January 3, 1883, by which Mrs. O'Brien discontinued as to herself, and appellees reasserted their rights to one-third of the land, and more fully set forth the pretended claims of Phillip O'Brien and wife, and also that the latter had pretended to convey certain interests to other parties, making such parties defendants. A portion of the appellees, as shown by the allegations contained in the amended petition, had conveyed their interest in Edward Hanrick's estate to the wife of Phillip O'Brien without consideration, so that suit might be brought for the land in her name, which interests were to be reconveyed, etc. But ignoring the trust, etc., Phillip O'Brien and wife, with intent to defraud, conveyed such interests to Brady, Cameron & Carpenter without consideration, etc.; these were made parties defendant and prayed for cancellation of the deeds, and that all right be divested out of them and invested in appellees, etc. Also that they recover of appellant a one-third interest in and to the land.

All of the defendants except appellant disclaimed having any interest whatever.

Appellant excepted to the amended petition on the ground that it set up a new cause of action, and that there was a misjoinder of causes of action and parties defendants; also that appellees were aliens and could not take by inheritance.

Asserted the defense of ten years' limitation, alienage of appellees, and his sole heirship to Edward Hanrick, deceased.

These exceptions were overruled and judgment rendered for appellees establishing their right to a one-third interest in the land, and canceling the several deeds to Mrs. O'Brien, etc.

The errors relied upon for a reversal of the judgment are sufficiently indicated in the opinion.

*Goodrich & Clarkson*, for appellant, that the amendment set up a new cause of action, cited: Hopkins *v.* Wright, 17 Tex., 35; Pendleton *v.* Colville, 49 Tex., 525; Kirkland *v.* Little, 41 Tex., 456.

That a joint action by two could not be maintained to set aside deeds executed by them severally, they cited: Pasch. Dig., arts. 45–48; also Pasch. Dig., art. 3423; White *v.* Sabariego, 23 Tex., 245 (This case cited in Clay *v.* Clay, 26 Tex., 30); Hays *v.* Barrera, 26 Tex., 81; Barrett *v.* Kelly, 31 Tex., 482; Barclay *v.* Cameron, 25

Tex., 232; Hornsby v. Bacon, 20 Tex., 556; McKinney v. Saviego, 18 How., 235. For general discussion of policy of laws with regard to aliens, see Crane v. Reeder, 4 Am. Rep., 430.

If, by virtue of the provision of section 9 of the act of 1848, entitled an " Act to regulate the descent and distribution of intestate estates," the disability of alienage was removed, so far as to confer a right of inheritance on aliens, the said section 9 in so far was expressly repealed by the act of February 14, 1854, entitled an " Act to define the civil rights of aliens," and the plaintiffs must make their title under said last named act.

Descent was cast in 1865, by the death of Edward Hanrick, who died seized. His brothers James and John, and his sister Elizabeth, were then living in Ireland, and were British subjects. The plaintiffs were also British subjects (except possibly Nicholas), and claim by inheritance from James, who died in 1875. In May, 1870, the British parliament passed an act known as the " Naturalization Act," which in effect abolished all disabilities of aliens, in respect of property, and enabled aliens of said kingdom to take and transmit real property by inheritance in said kingdom, the same as a natural-born subject, but expressly provided that this act shall not affect estates descended before the passing of this act. See Const. of 1836, sec. 10, General Provisions; Pasch. Dig., art. 44 and note 238; also Pasch. Dig., art. 48; Barclay v. Cameron, 25 Tex., 240, in the case of Settegast v. Schrimpf, 35 Tex., 323.

The intimation of the court that aliens could inherit under section 9 of the act of 1848 was *obiter*, and cases were properly decided on other questions.

In Sabriego v. White, 30 Tex., 584; and Airhart v. Massieu, 8 Otto, 491, the court gave the aliens the rights of forced heirs, holding that they *retained* the title vested in their ancestors.

Upon implied repeal of statutes: Bryan v. Sundberg, 5 Tex., 423; Potter's Dwarris on Statutes, pp. 72, 113, 114, 143, 154, 157.

The court erred in holding that the plaintiff Nicholas Hanrick took any interest by inheritance in said estate at the time descent was cast, because, 1st. It does not appear by competent evidence that he was a citizen of the United States; and 2d, because his father, James Hanrick, through whom he derives his descent from the intestate, was then living.

Nicholas Hanrick testified by deposition that he is now a naturalized citizen of the United States, having taken out his naturalization papers in New York in 1864. His father, James Hanrick, died in 1875. Descent was cast in 1865. Abbott's Trial Ev., p. 102; Greenl.

Ev., sec. 501; Slade *v.* Minor, 2 Cr. C. C., 139; Barclay *v.* Cameron, 25 Tex., 240; McCreery *v.* Somerville, 9 Wheat., 354.

The court erred in holding that plaintiffs or any of them were entitled to recover, because, being themselves non-resident aliens, they claim by inheritance from their father, James Hanrick, deceased, who was an alien. McKinney *v.* Saviego, 18 How., 235.

The court erred in holding that plaintiffs were entitled to recover because the proof shows that they were barred under the provisions of the ninth section of an "Act regulating descents," approved March 18, 1848, giving nine years to bring suit or sell to a citizen.

Descent was cast in 1865. James Hanrick, the father of plaintiffs, remained an alien until his death in 1875. Cryer *v.* Andrews, 11 Tex., 170; 10 Otto, 483.

*Belcher & Ring,* for appellees. The court did not err in holding that descent was cast on James and John Hanrick, of Ireland. Section 9, act of 1848 (P. D., art. 44), enables aliens to take by descent a defeasible title. R. S. 1879, art. 1658; Hanrick *v.* Hanrick, 54 Tex., 101; Settegast *v.* Schrimpf, 35 Tex., 340; Andrews *v.* Spear, 48 Tex., 581; Sabriego *v.* White, 30 Tex., 585; Airhart *v.* Massieu, 8 Otto, 493; 1 Kent, Com., 462; Potter's Dwarris on Statutes, pages 11, 118, 135, 136, 138, 140, 144, 145; Gelpcke *v.* Dubuque, 1 Wall., 220.

The act of 1854 (P. D., art. 45 *et seq.*) was cumulative and conferred upon aliens additional rights. It did not deprive aliens of any rights which they possessed under previous laws. Hanrick *v.* Hanrick, 54 Tex., 101; R. S. 1879, art. 1658; Andrews *v.* Spear, 48 Tex., 581; Airhart *v.* Massieu, 8 Otto, 493; Settegast *v.* Schrimpf, 35 Tex., 340; Sabriego *v.* White, 30 Tex., 585; Report of Judiciary Committee recommending passage of act of 1854, in favor of aliens, Journal of Senate of the State of Texas, Fifth Legislature, 1853, pp. 100 and 111; Report of Commissioners appointed to revise Statutes 1879, p. 14; Cannon *v.* Vaughan, 12 Tex., 403; Cain *v.* State, 20 Tex., 360; 28 Tex., 727; Rogers *v.* Watrous, 8 Tex., 62; Taylor *v.* State, 3 Tex. Ct. App., 198; Laughter *v.* Seela, Galveston Term, 1883 [59 Tex., 177]; Elrod *v.* Gilliland, 27 Ga., 3 How. (U. S.), 564; Bishop, Cr. L., vol. 1. "Shall" and "may" discussed. Sedgwick on Statutes, page 430.

The "Naturalization Act" of 1870 changed the defeasible title which John and James Hanrick then held into an indefeasible one. Hanrick *v.* Hanrick, 54 Tex., 101; Cryer *v.* Andrews, 11 Tex., 183; Barrett *v.* Kelly, 31 Tex.; Osterman *v.* Baldwin, 6 Wall., 116.

The title of the aliens never having been escheated, it is immaterial whether or not the naturalization act changed their defeasible title into an indefeasible one. Sabriego v. White, 30 Tex., 584; Airhart v. Massieu, 8 Otto, 491; Hubbel's Legal Directory, 1853–1883, Aliens.

On *stare decisis:* 20 Johns., 487; Rockhil v. Nelson, 24 Ind.; 19 N. Y., 165; Curtis v. Leavitt, 15 N. Y.; Burns v. Ledbetter, 56 Tex., 283; Sydnor v. Gascoigne, 11 Tex., 449; Willis v. Owen, 43 Tex., 48; Wells' Res Adjudicata on Stare Decisis, secs. 589, 596–599, 601, 617; Grignon v. Astor, 2 How., 344; Lion v. Butess, 20 Johns., 483; Hahn v. Crunten, 31 Cal., 402; Matheson v. Hearin, 29 Ala., 218; Ram on Legal Judgments, pp. 199, 204, 207, 208, 215, 225.

WATTS, J. COM. APP.— No new cause of action was asserted by the amended petition filed January 3, 1883. It was alleged in the original petition that O'Brien and wife fraudulently claimed an interest in the land, but, in truth, they have no interest whatever. By the amended petition the character of the pretended claim asserted by O'Brien and wife was fully alleged. This was but an amplification of the previous allegations as to their pretended claim of an interest in the subject-matter of the suit. Jones v. George, 56 Tex., 152.

So far as the appellant was concerned, the fact that by the amendment other persons claiming under O'Brien and wife were made parties defendant, did not change the character of the suit. And in Thouvenin v. Lee, 26 Tex., 614, it was remarked that "the statute only operates as a bar when it is sought, under the name of an amendment, to prevent a new suit."

The cause of action, as asserted against appellant, was in no way affected, altered or changed by the amendment. Service of the amended petition upon appellant was not necessary. In our opinion the exceptions to the amendment upon that ground were properly overruled.

There was no such misjoinder of causes of action and parties defendant in this case as would have authorized the court below in sustaining an exception to the petition on that ground. Under our liberal system of procedure, the plaintiff has the right to assert in the same suit either or both legal and equitable grounds for the recovery.

While the allegations showed that the legal title to their interest in the land was in others, it was clearly shown that the plaintiffs were the equitable owners, and that the legal title was held in trust

for them.   And there is nothing that inhibits the court from grant-ing full relief, under such circumstances, in the same suit.

All the questions sought to be presented by the fourth, fifth, sixth and seventh assignments of error have been considered and settled in another case between the same parties, and it is not necessary again to pass upon them here.   Appellees and those through whom they claim did take by descent from Edward Hanrick, deceased, a defeasible title, which was rendered indefeasible by operation of law.   Hanrick v. Hanrick, 54 Tex., 101; and the same case again decided at the present term.

The eighth assignment is not sustained by the record.   Appellant first took possession of the land in 1872, and this suit was com-menced in 1878, so that the requisite adverse possession necessary to sustain the defense of ten years' limitation was not shown.

There is nothing in the other assigned errors relied upon that has not already been disposed of under the assignments which have heretofore been considered.

Our conclusion is that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted June 3, 1884.] *

---

* The record in this case was not obtained in time to publish the opinion in 62 Texas.