F. O. AND CATHARINE DE HYMEL V. SCOTTISH-AMERICAN
MORTGAGE COMPANY ET AL.

No. 6939.

1. **Homestead—Reservation of Vendor's Lien in Deed.**—Husband and wife by warranty deed duly executed conveyed their homestead, reserving the vendor's lien. They indorsed the purchase money notes thus secured. The holder brought suit against maker and indorser and for foreclosure of the vendor's lien. The vendors defended upon the theory that notwithstanding their deed the title remained in the wife because of the reservation of a lien to secure the purchase money, and that she had the right to rescind. *Held:*

1. Whatever homestead rights the vendors may have had in the land prior to executing the deed the effect of that instrument was to destroy that right.

2. In so far as the deed for some purposes might be held to evidence an executory contract, all benefits which could ever have resulted to the vendors from so treating it were lost to them and their right to rescind cut off by the transfer of the notes given to secure the unpaid purchase money.

2. **Immaterial Issue.**—No cause for rescission having been pleaded or proved, it was immaterial whether the court's ruling was correct upon the law of tender—of the payments already made.

3. **Amendment of Judgment After End of Term.**—A mistake in the judgment entry in the amount upon notice may be corrected after the end of term, and even after appeal was perfected.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Otto Bergstrom,* for appellants.—1. A deed expressly reserving the vendor's lien is an executory contract, and does not pass title to the property. An executory contract can not be enforced as against the homestead.

Deed with express vendor's lien is an executory contract, and superior title remains in vendor. Hamblen v. Foltz, 70 Texas, 134; Nass v. Chadwick, 70 Texas, 157; Bank v. Ackerman, 70 Texas, 315; Baker v. Compton, 52 Texas, 252; Dunlap v. Wright, 11 Texas, 604; Summerhill v. Hanner, 72 Texas, 224; Kenedy v. Embry, 72 Texas, 387.

Executory contract can not be enforced against homestead. Jones v. Goff, 63 Texas, 248; Brooks v. Young, 60 Texas, 32; Warren v. Jones, 69 Texas, 462.

2. When a party pleads in the alternative a tender and offer to pay, the court can not require the tender to be made except after trial, and then only by the final decree.

3. The lower court becomes divested of all jurisdiction in a cause after the close of the term at which the cause was tried and an appeal perfected; any errors in the judgment can then be corrected in the appellate court only.

*Henry P. Drought,* for appellee the Scottish-American Mortgage Company.—1. While a deed expressly reserving the vendor's·lien is an executory contract, yet when the vendor assigns the notes representing· the unpaid purchase money, receiving value therefor, the contract is then executed as to him, and he can not disaffirm it.

2. The vendor of land under an executory contract for its sale, though he may remain the legal owner until the purchase money is paid, can not rescind the contract of sale without the consent of the owner of the purchase money notes transferred by such vendor, and whose value consists in the lien on·the land whereby their payment is secured. Catlin v. Bennatt, 47 Texas, 170; Cassaday v. Frankland, 55 Texas, 457; Russell and Seisfeld v. Kirkbride, 62 Texas, 455; 4 Bige. on Estop., pp. 656, 657.

3. When the owners of a homestead convey the premises by deed, retaining a vendor's lien, surrender possession of it·to the vendee, permit the vendee without·objection to alter and largely extend the improvements at great cost, and assign the purchase money notes for value absolutely, and fail to give notice of their intention to reclaim the property as a homestead to the purchaser of the notes, these facts constitute an abandonment of the homestead. Cox v. Shropshire, 25 Texas, 113; Woolfolk v. Rickets, 48 Texas, 28; Alstin v. Cundiff, 52 Texas, 453.

4. An·amendment of a judgment may be made after the close of the term at which the cause was tried and an appeal perfected. Sayles' Civ. Stats., art. 1355; Ramsey v. McCauley, 9 Texas, 106.

*Barnard & Green,* for appellees Rice and wife.—All deeds in which a vendor's lien is expressly reserved become·absolute upon the full payment of the purchase money to the vendors or their assignees, and upon the happening of that event the entire title passes to·the vendee whether the land sold be homestead or other property; and the deed in this case so expressly provided. Cassaday v. Frankland, 55 Texas, 452; Glaze v. Watson, 55 Texas, 563; Russell v. Kirkbride, 62 Texas, 457.

STAYTON, CHIEF JUSTICE.—Appellees brought this action against appellants, who are husband and wife, and against M. F. and J. P. Rice to recover the sum due on two promissory notes which the latter had executed to appellants to secure a part of the purchase money for a tract of land which they had conveyed by deed with general warranty; which, however, reserved a lien on the land to secure balance of purchase money. Appellants indorsed the notes of M. F. and J. P. Rice to appellees.

The land for which the notes were given may have been the separate property of Mrs. De Hymel, and at some time before she and her husband conveyed to M. F. Rice it seems to have been occupied by them as homestead, but the deed by which they conveyed was executed as

are deeds required to be by husband and wife in order to convey homestead or the separate property of a married woman.

Appellants pleaded that their land was their homestead, and that for this reason no lien could be enforced against it. Their theory is that, notwithstanding their deed, the title to the property remained in Mrs. De Hymel because of the reservation of a lien to secure the unpaid purchase money.

No further act remained to be done by appellants or either of them to pass title to the land, and they do not occupy the position they would had they only executed an agreement to convey property used as homestead at the time such agreement was made.

Whatever homestead right appellants may have had in the land prior to executing the deed, the effect of that instrument was to destroy that right.

In so far as the deed for some purposes might be held to evidence an executory contract, all benefits which could ever have resulted to appellants from so treating it were lost to them and their right to rescind cut off by the transfer to appellee of the notes given to secure the unpaid purchase money.

There was no error in the ruling which sustained a demurrer to so much of appellants' answer as set up homestead right in bar of foreclosure of lien reserved to secure unpaid purchase money.

Appellants had received on the land about $3500; and if they had brought that sum into court and asked rescission this could not have benefited them in any respect, for they had no right to rescission, and it is unimportant what ruling the court may have made upon the question of tender.

The judgment as originally entered seems to have been for a less sum than shown to have been due on the notes, and at the succeeding term this mistake was corrected after due notice to interested parties.

The application to correct the judgment was made before this appeal was perfected, but the correction was not made until after this was done. It is now urged that the judgment should be reversed on the ground that the court had no jurisdiction to make the correction after appeal was perfected, but we are of opinion that the court had power to correct a mere mistake in the sum for which judgment was entered even after the appeal was perfected.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 14, 1891.