EL PASO & NORTHEASTERN RAILROAD COMPANY v. M. J. CAMPBELL.

Decided February 6, 1907.

**1.—Judgment nunc pro tunc—Correction of Judgment.**

Where, in a suit against two defendants, the court instructs a verdict in favor of one, and the jury finds against the other defendant and a verdict is returned accordingly, but the judgment makes no disposition of the defendant in whose favor the verdict was returned the trial court had the power, pending appeal, upon proper motion and notice to enter judgment nunc pro tunc disposing of all the defendants in accordance with the verdict, and the judgment thus entered became in contemplation of law the judgment as originally entered. The correction of the judgment was also permissible under the statute.

**2.—Contributory Negligence—Charge—Case Followed.**

In a suit for personal injuries caused by being struck by a railway train, upon the issue of contributory negligence, the court charged the jury as follows: "And you further believe that the plaintiff himself was' not guilty of negligence contributing to his own injuries then and in that event to find for plaintiff." Also, "And that such failure (negligence) contributed to his being struck and injured." Held, correct under the case of Parks v. San Antonio Traction Co., 100 Texas, 222.

Appeal from the Forty-first District Court, El Paso County. Tried below before Hon. J. M. Goggin.

*Hawkins & Franklin,* for appellant.

*Patterson & Wallace,* for appellee.

JAMES, Associate Justice.—Campbell sued the El Paso & North Eastern Railway Company and the El Paso & North Eastern Railroad Company alleging the loss of his leg as occasioned by the negligence of defendants, the train operated by them where their road intersects a public street in El Paso, striking him and running over his leg requiring its amputation, plaintiff being at the time in the act of crossing the tracks of defendants at that place. Plaintiff alleged that he was going home and it was necessary for him to cross defendants' tracks on Octavia Street, and while crossing house track No. 3, and while in the exercise of due care for his safety, he was suddenly struck by the end of a string of defendants' cars on said track; that said train was being switched in a westerly direction by an engine on the east end of same, that it was being run at a dangerous rate of speed westerly, without ringing the bell, or blowing the whistle for said crossing, and without keeping a proper lookout by having some person stationed at the west end of the backing cars, or otherwise keeping a proper lookout ahead to notify persons crossing the tracks at that point, and without any light or some other danger signal on or near the end of the cars. That it was very dark, and on account of the further fact that no whistle was blown, or bell rung or light placed at the end nor any person stationed there to give warning, plaintiff did not discover or have warning of the approach of the cars until too late to avoid being injured. Other matters of negligence were mentioned but it is not necessary to set them forth.

Defendants answered by general denial and plea that appellant was guilty of negligence contributing to his injuries.

The charge directed the jury to return a verdict for the El Paso & Northeastern Railway Company, and submitted to the jury the liability of the other defendant. The verdict was in favor of the former, and against the El Paso & Northeastern Railroad Company in the sum of $6,000. Upon this the court entered a judgment against the appellant company, but omitted to dispose of the El Paso & Northeastern Railway Company.

The case was brought here by appellant with the judgment in this condition, and appellant's brief called attention to the omission. Afterwards a motion was made in the trial court and notice given, upon which the court acted and entered a judgment *nunc pro tunc* in conformity with the verdict, and a transcript of this proceeding has been brought here on a writ of *certiorari*. There can be no question as to the court's power to enter the judgment *nunc pro tunc*. The judgment as finally entered, so as to include and dispose of the El Paso & Northeastern Railway Company became the judgment of the court and is in contemplation of law the judgment as originally rendered, so far as said party is concerned. Viewed as a correction of the judgment, the correction

was within the statute. Russell v. Miller, 40 Texas, 495. See, also, Cowan v. Ross, 28 Texas, 228; DeHymel v. Scottish American Mortgage Co., 80 Texas, 493. The first and second assignments of error are overruled.

The third assignment is that the court erred in its general charge in instructing the jury in effect that in order for negligence on the part of plaintiff in this case to bar his recovery, it must have contributed to cause his injury, thereby submitting to the jury for their determination the question which was undisputed under the evidence, whether or not the act of plaintiff in going on the track in front of the moving train was the proximate cause of his injury. Upon the authority of Parks v. San Antonio Traction Co., 100 Texas, 222, decision by the Supreme Court,—this assignment is overruled. In that case the charge was that if the jury believed that plaintiff was guilty of negligence in alighting from the car and that such negligence proximately caused or contributed to plaintiff's injuries, to find for the defendant. In the present case the language is: "And you further believe that the plaintiff himself was not guilty of negligence contributing to his own injuries then and in that event to find for plaintiff." Also in another paragraph the following language: "And that such failure (negligence) contributed to his being struck and injured, then and in that event you will find for defendant." Neither of these expressions directed the jury to inquire whether or not the plaintiff's negligence contributed to the occurrence, and that should they find it did not, to find for plaintiff, any more than did the charge in the Parks case. This is the only question indicated in the brief for our consideration.

*Affirmed.*