GULF, C. & S. F. RY. CO. et al. v. ATLANTIC FRUIT DISTRIBUTORS et al.

(Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1916. On Motion to Correct Record and Set Aside Dismissal, March 9, 1916.)

1. APPEAL AND ERROR ☞79(1) — "FINAL JUDGMENT"—SEVERAL DEFENDANTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1997, providing that only one final judgment shall be rendered in any cause, there is no "final judgment" from which an appeal may be taken in a cause against several defendants until it is finally disposed of as to all of them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484, 486–493; Dec. Dig. ☞79(1).

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

2. APPEAL AND ERROR ☞79(1)—FINAL JUDGMENT—CROSS-ACTIONS.

Where two defendants in an original action on contract for the purchase of fruit brought a cross-action against a railway company for damages to the fruit during shipment and the action and cross-action were tried together and judgment was rendered only against one of the defendants and the railway company, the judgment in the cross-action could be treated only as part of the one judgment allowed in the cause, and, there having been no disposition of the case as to the other defendant, no appeal would lie from the judgment against the railway company.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484, 486–493; Dec. Dig. ☞79(1).]

Appeal from Lamar County Court; S. B. M. Long, Judge.

Action by the Atlantic Fruit Distributors against J. D. Payne and another, in which the defendants filed a cross-bill against the Gulf, Colorado & Santa Fé Railway Company. Judgment for the plaintiff against the named defendant only and for that defendant against the cross-defendant, and defendant and cross-defendant appeal. Appeal dismissed.

Terry, Cavin & Mills and Jno. G. Gregg, all of Galveston, and Wright & Patrick, B. B. Sturgeon, and M. H. Baughn, all of Paris, for appellants. A. P. Park, of Paris, for appellee.

LEVY, J. The Atlantic Fruit Distributors sued J. D. Payne on contract, to recover the purchase price of a car of bananas, and the First State Bank of Paris as guarantor of the payment of the price. J. D. Payne answered the suit and filed a cross-bill against the Gulf, Colorado & Santa Fé Railway Company, seeking to recover of it damages for alleged negligence respecting transportation of the car of bananas. The charge of the court authorized a verdict in favor of the plaintiff against Mr. Payne and the bank, and the jury so found. And the charge of the court authorized a verdict in favor of Mr. Payne against the railway company, and the jury so found. The judgment of the court, though, as it appears in this transcript, does not dispose of the First State Bank of Paris, and the judgment is not in that respect in conformity with the pleadings, charge of the court, and verdict. J. D. Payne and the railway company each appeal.

[1, 2] The question of jurisdiction of this court is directly presented, upon the ground that there is not a sufficient final judgment under the statute to base an appeal upon. The judgment did not dispose of the litigation as to all parties in the suit. And it is thought that this should have been done in order to have a final judgment under the statute. The statute permits only one final judgment to be rendered in any cause. Article 1997, Vernon's Sayles' Statutes. And there is no final judgment in a case against several defendants until the case is finally disposed of as to all. The plaintiff's suit here was, it is quite certain, upon a contract, and Payne's cross-action was against the railway company on a tort. It is not open to question that the controversies were quite distinct and severable; yet the causes of action were in fact joined in and tried as one cause. It is analogous to several suits consolidated. Mills v. Paul, 1 Tex. Civ. App. 419, 23 S. W. 189. The judgment on the cross-action therefore could be treated only as a part of the one judgment allowed in a cause, and not as a separate and distinct judgment as such.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The appeal of each appellant must be dismissed for want of jurisdiction to entertain it.

**On Motion to Correct Record and Set Aside Dismissal.**

At a former day of this court the appeal was dismissed for want of jurisdiction, upon the ground that a final judgment in the cause had not been entered. The parties then by proceedings in the trial court caused to have entered a final judgment, by nunc pro tunc order, and now present a certified copy of the judgment so entered and ask that it shall be taken as an amendment of the judgment appearing in the record of the appeal and that we set aside the former order of dismissal. It is believed that the motion must be overruled. In order to confer the right of appeal in the first instance, "notice of appeal" and "the filing with the clerk an appeal bond," as well as computing the time, must be, by terms of the statute, from the term of court "at which the final judgment in the cause is rendered." Article 2084, R. S. And until the judgment in the cause is actually entered in that final form it is not in full life and legally effective for review by appeal. Trotti v. Kinnear, 144 S. W. 326. The actual entry of a judgment final in form, though, may under proper proceedings be by a nunc pro tunc order, which renders the judgment legally effective. But in such instance the right of appeal begins then from the date of the entry of the nunc pro tunc order. Partridge v. Wooten, 137 S. W. 412; Slayden v. Palmo, 90 S. W. 908; Rope Co. v. Brick Co., 150 S. W. 600. And appellants' right of review beginning, as it does, only at the date of the present judgment, as a final one in form, this court would lack authority to relate the amended judgment back and entertain jurisdiction to review it as a part of and from the date of the premature appeal from the former judgment, interlocutory and not final in form. The present judgment may be reviewed on appeal only when presented as a new and original proceeding of appeal in the manner and way prescribed by statute for appeals. The former appeal, not allowable and not conferring any jurisdiction upon this court to entertain it in the first instance, would be treated for all purposes of appeal as a nullity, and as not capable of being made valid. In case of dismissal of appeal, the transcript is not even regarded as a record of the court. See Rule 62 (142 S. W. xvi). Where the judgment or decree is final in form and appealable in the first instance, an amendment thereof pending appeal is allowable and may be made of misrecitals or mistakes. McNairy v. Castleberry, 6 Tex. 286; De Hymel v. Mortgage Co., 80 Tex. 493, 16 S. W. 311. The subsequent correction, though, of a mere misrecital or mistake in a judgment that is directly appealable in the first instance, and over which this court would acquire jurisdiction by the appeal, presents quite a different question from the one now considered. In such case a jurisdictional question is not involved.

The motion is overruled.

