### WILLIAMSON et al. v. CAYO et al.
(No. 6160.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 12, 1919.)

1. JUDGES ⬮44—DISQUALIFICATION FOR INTEREST.

A judge is not disqualified, because a citizen and taxpayer, to sit in a suit to enjoin the city from expending money to construct a lighting plant.

2. PROCESS ⬮6—AMENDMENT OF PETITION—REMAND FOR NEW TRIAL.

Within Rev. St. 1911, art. 1885, requiring citation or appearance before judgment can be rendered against defendant, citation on the original petition is sufficient to authorize judgment on amended petition, not changing cause of action, filed after reversal and remand.

Appeal from District Court, Bee County; F. G. Chambliss, Judge.

Suit by E. P. Cayo and others against C. E. Williamson and others. From an adverse judgment, defendants appeal. Affirmed.

Stroud & Gayle and Beasley & Beasley, all of Beeville, for appellants.

Dougherty & Dougherty and G. C. Robinson, all of Beeville, for appellees.

FLY, C. J. This appeal is from a judgment by default against appellants, who are the mayor and commissioners of Beeville, Tex., who were permanently enjoined from constructing a certain electric light plant and expending any funds of the city therefor. E. P. Cayo and Charles N. Brown, appellees, were plaintiffs in the court below, although their names are not mentioned in the decree of the court. This is a second appeal, the first being from an order granting a temporary injunction. 198 S. W. 643. The judgment was reversed because the petition failed to show that the city of Beeville did not have a special charter, and did not have the authority to levy taxes to a certain amount and deal with the funds as provided by the special charter. After the cause had been remanded to the lower court, appellees filed a second amended petition in which it was sought to meet the omissions in their original petition as pointed out by this court, and prayed practically as in the original petition.

The judgment from which this appeal is perfected was one by default, appellants having failed to answer. They supported their motion for new trial by affidavits to the effect that appellants at no time entered an appearance in the court below and had no notice of the filing of the second amended petition on which the judgment is based. Those affidavits were controverted by the counter affidavit of the district judge, to the effect that the attorneys of appellants had entered an appearance in the case.

[1] It is the contention that the judgment is void because the district judge, being a resident citizen and taxpayer of the city of Beeville, was disqualified from sitting as a judge in the case. The contention is without merit. The point has been directly decided by the Supreme Court of Texas, adversely to the contention of appellants. City of Dallas v. Peacock, 89 Tex. 58, 33 S. W. 220; City of Oak Cliff v. Gill, 97 Tex. 391, 79 S. W. 1068. To the same effect are Thornburgh v. City of Tyler, 16 Tex. Civ. App. 439, 43 S. W. 1054, and Orndorff v. McKee (Tex. Civ. App.) 188 S. W. 432. This disposes of the first and second assignments of error.

[2] The third assignment of error assails the judgment as being null and void because it "was rendered without citation or notice of the cause of action set up in plaintiffs' second amended original petition." The statute provides:

"No judgment shall, in any case, be rendered against any defendant unless upon service, or

acceptance, or waiver of process, or upon an appearance by the defendant, * * * except where otherwise expressly provided by law." Rev. St. art. 1885.

On March 18, 1918, appellants were duly cited to appear and answer a petition filed by appellees and one A. F. Castel, afterwards dismissed from the suit, on July 16, 1917. On May 5, 1918, the second amended original petition was filed. Appellants filed no answer, and on May 20, 1918, judgment by default was taken against them, the judgment reciting that they had been duly cited.

The object sought in the original petition was to enjoin appellants from carrying into effect contracts for the construction of a power house to be used for an electric light plant, from incurring any debt therefor, from using any funds of the city therefor, except unappropriated public improvement funds, etc. The whole sum and substance of the petition was to prevent the building of an electric light plant. To the same effect was the petition under which the judgment by default was taken, the prayer being for a judgment restraining appellants—

"from expending any sum of money derived from an ad valorem tax for said general expense purposes and street purposes upon such building, machinery foundations, and restraining them from expending any of such sums for any purpose appertaining to a light plant, and restraining them from transferring any of said funds to any other fund, other than for which same was levied, and restraining W. G. Gayle and his successor from said purposes, and from paying out any of said moneys belonging to said funds for any purposes appertaining to a light plant."

The relief sought was perhaps set out more in detail in the amended petition, but to all intents and purposes it was the same cause of action set out in the original petition. The testimony required by the original petition, would have supported the amended petition, and the same defenses would apply alike to each. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707. An amendment to a petition which is to make clear and specific the grounds for a recovery set out in the original pleadings does not change the character of the suit, nor introduce a new cause of action, and service on the defendant is not necessary, if he has already been cited to answer the original petition. Ward v. Lathrop, 11 Tex. 287; Morrison v. Walker, 22 Tex. 18; King v. Goodson, 42 Tex. 81; Spencer v. McCarty, 46 Tex. 213; Hanrick v. Hanrick, 63 Tex. 618; Railway v. Morris, 68 Tex. 49, 3 S. W. 457.

When the order granting a temporary writ of injunction was issued, appellants appealed therefrom to this court and prosecuted the appeal to judgment reversing the order and remanding the cause to the trial court. As said in the case of Thomson v. Bishop, 29 Tex. 154:

"When the first judgment of the district court was reversed by this court, and the cause remanded for further proceedings, it stood in that court as a pending case for action on the facts, as presented by its record, and the mandate of this court, showing a reversal of its former judgment. If, from this record, it appeared that the defendant was properly before the court, and failed to answer to the plaintiff's petition, the latter was entitled to a judgment against him by default."

In Corpus Juris, No. 4, pp. 1346, 1347, the rule is thus stated:

"If the appeal is to a reviewing court, it is a general appearance in the sense that, on reversal and remand to the trial court, defendant is in court for the purpose of further proceedings, without any further steps to bring him into court, even though the judgment was reversed on the ground that the trial court had not acquired jurisdiction of the person of defendant."

A number of decisions are cited to sustain the text, but whether that be the true rule or not, before the judgment by default was taken appellants had been duly cited, and being in court, were compelled to take notice of the filing of the amendment.

Evidence was offered to sustain the facts alleged in the motion for new trial, but the court decided in favor of the evidence offered by appellees. One of the attorneys for appellants admitted that he was told that an amended petition would be filed, and that he intended to answer it, and the attorney was in the courtroom when the case was called for trial. The attorney also sought an agreement as to the setting of the case for trial. The evidence was sufficient to show that appellants made an appearance in the case.

The judgment is affirmed.