MILLS et al. v. MOORE et ux.   (No. 10243.)

Court of Civil Appeals of Texas. Dallas.
Feb. 25, 1928.

On Motion for Rehearing, March 31, 1928.

1. Mortgages ⚍338—Refusal to dissolve temporary injunction restraining sale under trust deed held not error, where indebtedness with attorney fees was paid into court.

In suit by husband and wife to enjoin sale of homestead under terms of trust deed securing indebtedness after tendering assignee of deed and paying into registry of court entire amount of indebtedness, together with attorney fees, *held*, that refusal to dissolve temporary injunction restraining such sale was not error.

2. Injunction ⚍191—On preliminary hearing of temporary injunction, it was error to make injunction permanent, proper procedure being to dissolve or refuse to dissolve.

On preliminary hearing for temporary injunction to restrain sale under trust deed, court erred in making injunction permanent, proper procedure being either to dissolve or to refuse to dissolve temporary injunction.

3. Appeal and error ⚍874(2)—Order consolidating hearing on injunction and suit to set aside tax judgment held not reviewable on appeal from order overruling motion to dissolve injunction.

On appeal from an order overruling motion to dissolve temporary injunction, alleged error of trial court in consolidating hearing on injunction and suit to set aside tax judgment *held* not subject to review, since such order is not appealable until entry of final judgment.

On Motion for Rehearing.

4. Appeal and error ⚍440—Motion to correct judgment may be filed while appeal is pending, court having authority to correct judgment notwithstanding appeal.

Motion to correct judgment presented to court in term time may be filed notwithstanding perfection of appeal, for court has authority to correct its judgment, notwithstanding appeal is pending.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by Wilson Moore and wife against V. W. Mills and others. From an order overruling a motion to dissolve a temporary writ of injunction and decreeing that such temporary writ be made permanent, defendants appeal. Modified and affirmed.

See, also, 295 S. W. 297.

McLeod Greathouse, of Fort Worth, and Smithdeal Shook, Spence & Bowyer, of Dallas, for appellants.

Bell & Clark, of Dallas, for appellees.

JONES, C. J.  This is an appeal from an order overruling a motion to dissolve a temporary writ of injunction theretofore issued ex parte, and decreeing that such temporary writ be made permanent. After the order on said motion was entered, and after appellants had given notice of appeal and had filed their appeal bond, appellant Charles Brackens attempted to intervene in the cause, setting up an interest in the subject-matter of the suit. The court denied the motion for leave to intervene because of the fact that before the filing of such plea of intervention the other appellants had perfected the appeal as above stated.

The necessary facts for this appeal are: Wilson Moore and wife, Lizzie Moore, appellees herein, on June 13, 1914, purchased a house and lot located in the city of Dallas and at once moved therein, since which time they have occupied the premises as their homestead. As a part of the purchase price, they executed a vendor's lien note in the sum of $600, which note was a first and superior lien on the property. Appellees, some years after the purchase, were sued for delinquent taxes for the years 1914 and 1915, there being a separate suit filed at different times for each year of such delinquency. On May 16, 1919, judgment was taken against them by the state of Texas for the taxes for one of these years amounting to $11.65, and an order of sale issued under this judgment, and appellant V. W. Mills, through mesne conveyances, became the owner of the tax title to this property accruing to the purchaser under the order of sale. Appellant Mills purchased and had duly transferred to him by the owners both the note and the vendor's lien, as well as the deed of trust on this property further securing this debt. The deed of trust gave to the trustee a power of sale in case of default. Appellees became delinquent under the terms of the deed of trust securing this lien indebtedness, and a substitute trustee was named who advertised the property for sale. Before the sale was had, appellees filed suit in the district court to enjoin the sale on various alleged equitable grounds not necessary here to set out, and a writ of temporary injunction was issued on the presentation of this petition. Appellees also filed suit in a district court of Dallas county to set aside the tax judgment, alleging grounds that prima facie entitled them to this relief. Both of these suits were on the docket of the district court for the sixty-eighth judicial district. On motion of appellees, the two suits were consolidated and now appear as one suit in said district court. A motion to dissolve the temporary writ of injunction was filed by appellants Mills et al. previous to this consolidation, and the motions of appellees to consolidate and of appellants to dissolve were heard at approximately the same time. A tender of the amount of the note, together with attorney fees, was made, and this amount paid

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

into the registry of the court on the occasion of this hearing. The lien securing the indebtedness for the purchase price antedated the year on which the delinquent taxes accrued that formed the basis of the tax judgment, and the holders of the note were not made parties to such suit.

[1, 2] The entire indebtedness having been tendered appellants and paid into the registry of the court, they were given all the relief that a sale under the deed of trust could give them, and their right of sale was thereby extinguished. In consequence, no error was committed by the trial court in refusing to dissolve the temporary writ of injunction. It was error for the court, however, on this preliminary hearing provided for by statute, to make the injunction permanent. The proper procedure was either to dissolve, or refuse to dissolve, the temporary writ of injunction. The court entered a finding of fact in the judgment rendered that an excess of appellants' indebtedness had been paid into court, and directed that this excess be paid to appellant Charles Brackens. From this it appears that the money to pay the indebtedness was furnished by Charles Brackens, as he alleges in his motion for permission to intervene. We are therefore of the opinion that the order entered by the trial court should be modified so as to make it an order simply overruling the motion dissolving the temporary writ of injunction, and thereby permit said injunction to remain in force, until the consolidated case is tried on its merits. We are further of the opinion that appellant Charles Brackens should have been allowed to intervene in the cause, for the reason that it appears, both from the judgment and from the motion, that he furnished the money for the payment of the debt, and it further appears from his motion that he did so under an agreement with appellee that the debt and lien would not be extinguished so that he would thereby be subrogated to all the rights of appellants as owners of said liens and indebtedness. The order on the motion to intervene is such a part of, and so connected with, the judgment on the motion to dissolve the temporary writ of injunction, that we are of the opinion that this court now has jurisdiction to review the action of the court thereon.

[3] The assignment of error, in reference to the error of the trial court in consolidating these two suits, cannot be considered on this appeal, for, as stated, this appeal must be treated in the light of an appeal overruling the motion to dissolve the temporary injunction, and such order is not appealable until the entry of a final judgment. This assignment is therefore not considered, and appellants' right to raise this issue on an appeal when the case is finally tried on its merits not prejudiced.

The order on the motion to dissolve the injunction is modified as hereinbefore indicated, and the order from which appellant Charles Brackens appealed is reversed, with instruction to permit the filing of the plea in intervention.

Modified and affirmed as to V. W. Mills et al., and reversed and remanded as to Charles Brackens.

### On Motion for Rehearing.

[4] Appellant V. W. Mills, on his motion for rehearing, has called our attention to an error in the statement of the appeal perfected by Charles Brackens. This appellant did not brief his case, and we understood at the time of the original opinion that he appealed from an order denying his right to intervene. In this we were in error, for the record shows that he was allowed to intervene, and the motion filed after appellant Mills had filed his appeal bond was a motion to correct judgment, and cause it to show that he had furnished the money to discharge the lien on an agreement with appellees, Moore and wife, that he would be subrogated to their rights and decree such subrogation.

The motion was presented to the court in term time, and, in view of the judgment entered by the trial court, he should have been permitted to file it, notwithstanding the perfection of the appeal by Mills, for the court has authority to correct its judgments, notwithstanding an appeal is pending. McNairy v. Castleberry, 6 Tex. 286; Ramsey v. McCauley, 9 Tex. 106, 58 Am. Dec. 134; Thomson v. Bishop, 29 Tex. 154; Cowan v. Ross, 28 Tex. 227; De Hymel v. Mortgage Co., 80 Tex. 493, 16 S. W. 311. However, because of the modification of the judgment made by this court, the correction sought by Brackens is not necessary to protect his rights pending the trial of the case on its merits. For which reason, the judgment reversing and remanding the case as to Brackens is set aside and the case is affirmed, without prejudice to Brackens' rights to establish the facts alleged in his motion at the trial of the case on its merits.

Motion for rehearing granted in part and overruled in part.