ROBERT A. GRIER v. ROBERT N. POWELL AND ANOTHER.

Where the defendant withdraws his answer and says nothing, &c., it is equivalent to a confession of judgment, and waiver of all errors; but if there is a clerical mistake in the computation of the amount of the judgment, it may be corrected in the District Court under the Statute, and in this Court by analogy to the power given to the District Court by the Statute.

Although there be a clerical mistake which, on error, is corrected by this Court, yet if, irrespective of such mistake, there is not reasonable cause for the appeal or writ of error, the judgment will be affirmed for the proper amount with damages for the delay.

It seems that a clerical mistake in the Court below cannot be assigned for error, but will be corrected at any stage of the proceedings, whether in the District or Supreme Court.

Error from Harrison. The appellant being sued by the appellees, on a promissory note, "withdrew his answer and said nothing in bar or preclusion of plaintiffs' demand." There was an error of 70 cents in the computation of the amount of the judgment.

*C. M. Adams,* for defendant in error, asked that the judgment be affirmed with damages for delay.

WHEELER, J. Repeated decisions of this Court have settled, that where the defendant withdraws his answer and suffers judgment to go against him for the want of an answer, it is equivalent to a confession of judgment. And it is equally well settled, that error will not lie to revise the errors in a judgment rendered by confession. On general principles, therefore, it is clear, this Court would not revise, on error, a judgment of the character of the present, and would only look into the judgment for the purpose of exercising our jurisdiction in giving or refusing damages. But, where there is an error or mistake committed by the Clerk, in entering up a judgment brought before us by appeal or writ of error, it has been thought, we may so far revise the judgment as to correct such error, in analogy to the power of correcting such errors conferred by the Statute upon the District Court ; and the power was accordingly exercised by this Court in the case of McNairy v. Castleberry, (6 Tex. R. 286.) But the District Court is the proper place for the correction of such errors ; and there is no occasion to bring cases to this Court for that purpose. And where parties unnecessarily resort to this Court in the first instance, for the correction of such errors, although the errors may be corrected, it ought not to affect the right of the appellee to his damages, occasioned by the unnecessary delay. Otherwise every error, committed by the Clerk, in the computation of interest, or in estimating the sum due at the rendition of judgment, however trivial, instead of being promptly corrected in the Court below, might be made a ground of bringing the case to this Court by writ of error, and thus delaying the execution of the judgment, without any just cause, and without affording the party delayed the redress in damages, which the law provides. To countenance such a practice, would be to sanction a manifest abuse of the powers of the law. In such cases,

therefore, though the error, when apparent, will be corrected, it will not affect the question of the plaintiff's right to damages for the delay. The error complained of, if it had been deemed of sufficient consequence to require a judicial proceeding for its correction, should have been corrected in the Court below. Not having been so corrected, and being apparent by the record, it will be corrected here ; and the judgment will be affirmed with damages, less the excess of interest estimated by the Clerk in entering the judgment.

Affirmed with damages.