Opinion by
Hurt, J.
§127. Answer is equivalent to citation. Where a defendant answers in a suit, it is equivalent to service of citation upon him, although he afterwards withdraws his answer.
§ 128. Payee of note, who is not the legal owner of it, cannot maintain suit thereon in his own name. It is settled in this state, that the payee of a note will not be permitted to sue for the use of the assignee and real owner of the note, when the petition alleges the legal ownership and possession of the note to be in the parties for whose use he sues. If, however, he have the legal title to the note, he may maintain a suit upon it for the use of the equitable owner thereof. [Anderson v. Shaw, Opinion of Commissioners of Appeal, adopted by Supreme Court, 8 Tex. Law Review, 171.]
§ 129. Judgment nil dicit; construction and effect of. A judgment nil dicit is construed even inore liberally than a judgment by default. It is a waiver of all errors that can be waived, unless it exceeds the amount claimed in the petition. It is tantamount to a confession of judgment for the amount which is made certain by the petition, but, if it be in excess of that amount, it will be set aside as to the excess. [Wheeler v. Page, 5 Tex. 202; Gilder v. McIntyre, 29 Tex. 89; Goodlet v. Sparks, 2 Tex. 121; Winfried v. Yates, Dallam, 304; Wescott v. Menard, id. 503; Wheeler v. Pope, 5 Tex. 262; Grier v. Powell, 14 Tex. 320; Strong v. Nichols, 22 Tex. 87; W. & W. Con. Rep. §11.] Thus, where a rate of exchange was *125 alleged in the petition, the judgment nil elicit admitted the allegation, and there was no necessity to prove the rate. In this case the judgment nil elicit was rendered for a larger amount than was claimed in the petition, and the judgment was reversed and reformed as to the excess, adjudging the costs of the writ of error against plaintiffs in error, because it was the duty of plaintiffs in error to have had this error corrected in the court below. [Green v. Powell, 14 Tex. 320.]
March 12, 1884.
Reversed and reformed.