### EMMETT A. ELLIS ET AL. v. NATIONAL CITY BANK OF WACO.

Decided February 21, 1906.

**1.—Judgment by Consent.**

Where defendants, in writing, consented to a judgment on the note sued on with interest from a named date, they can not complain of a judgment in accordance with such consent, on the ground that the note, which bore interest from maturity, fell due two days later than the date so named.

**2.—Judgment—Correction by Record—De Minimis—Damages for Delay.**

An error of only 77 cents in the computation of interest on a note for which judgment was rendered is governed by the rule de minimis lex non curat, and defendants having a remedy for its correction without appeal, under Rev. Stats., art. 1357, the prosecution of writ of error to correct such judgment should be considered as taken for delay and damages awarded therefor.

Error from the District Court of McLennan County. Tried below before Hon. Sam R. Scott.

*Eugene Williams* and *W. B. Carrington,* for plaintiffs in error.

*Taylor & Gallagher,* for defendants in error.

EIDSON, ASSOCIATE JUSTICE.—It appears from the record in this case that the judgment entered in the court below was by consent of

the parties. The recital in the judgment is, "All parties by consent in open court agree that plaintiff should have judgment for the amount sued for against all the defendants."

The petition of plaintiff shows that it sued for the principal sum of $1,750, with interest at 10 percent per annum from the 10th day of December, 1904, and 10 percent of said amount as attorney's fees. The judgment is dated the 29th of March, 1905. Hence, the amount sued for would be the principal sum of $1,750, interest for three months and nineteen days, $53.10, which added to the principal would make $1,803.10, and 10 percent of this amount, $180.31, being added for attorney's fees, would make $1,983.41, and the judgment is for $1,984.18, being an excess of only 77 cents, showing a miscalculation of a trivial amount.

Plaintiffs in error's first assignment of error is predicated upon the miscalculation of the interest due on the note sued upon. While they claim that the note did not fall due until the 12th of December, 1904, and that the miscalculation of interest resulted in an excess of $2.23, the judgment shows on its face that they consented to a judgment for the amount sued for; which, as stated above, was for the principal of the note with interest from the 10th day of December, 1904. Hence, then consented to the recovery of interest from the 10th day of December, 1904, and can not complain that it was embraced in the judgment. (Sandoval v. Rosser, 86 Texas, 687; Grier v. Powell, 14 Texas, 320; Marx v. Brown, 42 Texas, 112; Petri & Bro. v. First National Bank, 83 Texas, 426; Gass v. Sanger, 30 S. W. Rep., 502; Hart v. Ware, 8 Texas, 115.)

The miscalculation of interest could have been remedied speedily and with little expense, if plaintiffs in error had pursued the remedy provided by article 1357, Revised Statutes. That article is as follows:

"Where in the record of any judgment or decree of any court there shall be any mistake, miscalculation or misrecital of any sum or sums of money, or of any name or names, and there shall be among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be the duty of the court in which such judgment or decree shall be rendered and the judge thereof, in vacation, on application of either party, to amend such judgment or decree thereby, according to the truth and justice of the case; but the opposite party shall have reasonable notice of the application for such amendment." Besides, the amount of excess in the judgment is so trivial and insignificant, the maxim *de minimis non curat lex* should apply. (Leberman v. Hill & Co., 1 Texas App. Civ. Cas., sec. 27; Rankin v. Filburn & Ivers, Id., 798.)

Plaintiffs in error's second assignment of error complains of the action of the court below in rendering and entering judgment for attorney's fees, upon the ground that the allegations in appellee's petition were not sufficient to authorize a judgment for attorney's fees. There is no merit in this contention. The petition alleged that the note sued upon provided for 10 percent attorney's fees, if placed in the hands of an attorney for collection, and that the note had been placed in the hands of appellee's attorney, J. B. Scarborough, for collection; and the petition prayed for 10 percent on the amount of principal and interest, as attorney's

fees. And, further, plaintiffs in error consented to a judgment for the amount sued for.

We are of opinion that it appears from the record in this case that the writ of error was sued out for the purpose of delay, and that there was no sufficient cause for suing out same; and that therefore, plaintiffs in error should be adjudged to pay 10 percent on the amount of the judgment, as stated below in favor of defendant in error, as damages; and as defendant in error in its brief admits that there was a miscalculation of interest resulting in a mistake of a small amount in excess of what was due, and which we have found to be 77 cents, that amount will be deducted from the amount of the judgment below, leaving the amount $1,983.41, and thus corrected, the judgment of the court below is affirmed with 10 percent damages, as above stated.

*Corrected and affirmed.*