RAIKE v. CLAYTON. (No. 1449.)

(Court of Civil Appeals of Texas. Texarkana. April 13, 1915. Rehearing Denied April 15, 1915.)

1. BILLS AND NOTES ⬅471 — ACTIONS — PLEADINGS—PROOF.

Where a note contained a stipulation requiring the maker to pay 10 per cent. as attorney's fees in case the instrument was sued on or placed in the hands of an attorney for collection, plaintiff, in an action on the note, need not aver or prove that suit was brought in order to warrant recovery of the fee; the court knowing from the pendency of the suit that it had been brought.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1467–1470; Dec. Dig. ⬅ 471.]

2. COSTS ⬅234—APPEAL—ERROR IN COMPUTATION.

Where judgment was reformed as to the matter of computation, which under Vernon's Sayles' Ann. Civ. St. 1914, §§ 2016, 2017, could have been corrected in the court below, costs will be taxed against plaintiff in error, who was not otherwise successful.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 892–899; Dec. Dig. ⬅234.]

Error from District Court, Hunt County; A. P. Dohoney, Judge.

Action by J. B. Clayton against F. M. Raike. Judgment for plaintiff, and defendant brings error. Reformed and affirmed.

Dashiell & Coon, of Terrell, for plaintiff in error. Clark & Leddy, of Greenville, for defendant in error.

WILLSON, C. J. Defendant in error obtained a judgment by default against plaintiff in error for the sum of $2,201.10 (the principal, interest, and attorney's fees found by the trial court to be due on certain promissory notes made by plaintiff in error) and foreclosing a vendor's lien on certain land existing in favor of defendant in error to secure the payment of the notes.

[1] In his petition defendant in error al-

leged that the notes were past due, and that plaintiff in error had refused to pay them. He further alleged that it was stipulated in the notes that plaintiff in error should pay 10 per cent. on the amount of the principal and interest thereof in the event suit was brought on the notes, or they were placed in the hands of an attorney for collection. He prayed for judgment for the attorney's fees stipulated for, as well as for the principal and interest due on the notes. It was not alleged in the petition that the notes were ever placed in the hands of an attorney for collection. Plaintiff in error insists that for this reason it was error for the trial court to adjudge a recovery against him for attorney's fees. It has been repeatedly held that an allegation that a note sued on contained a stipulation that the maker would pay attorney's fees if suit was brought thereon is sufficient as a basis for the recovery of such fees. The court knew from the pendency of the suit before him that suit had been brought on the note, and it was not necessary to either allege or prove the fact. McKelligon v. Bank, 24 S. W. 688; Dignowity v. Staacke, 25 S. W. 824; Hefley v. Bank, 39 S. W. 325; Harris v. Schrivener, 78 S. W. 705; McAnally v. Vickry, 79 S. W. 857; Adams v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 779.

[2] Plaintiff in error insists that the judgment against him should have been for $2,164.53, instead of for $2,201.10. Defendant in error concedes that an error was made in calculating the amount due on the notes, and that the judgment should have been for $2,164.53 as claimed by plaintiff in error. The judgment will accordingly be reformed here, and, as reformed, will be affirmed.

As the error in the judgment could have been corrected in the court below as provided in articles 2016 and 2017, Vernon's Statutes, without an appeal to this court, the costs of the writ of error will be taxed against plaintiff in error. Ellis v. Bank, 42 Tex. Civ. App. 83, 94 S. W. 437; De Hymel v. Mortgage Co., 80 Tex. 493, 16 S. W. 311.