## GUARANTEE BOND & MORTGAGE CO. v. BAIN. (No. 12093.)

Court of Civil Appeals of Texas. Fort Worth. March 2, 1929.

Hyer & Christian and Robert C. Carson, all of Fort Worth, for appellant.

Paddock, Massingill & Belew and S. A. Crowley, all of Fort Worth, for appellee.

BUCK, J. This is a suit by the Guarantee Bond & Mortgage Company, of Grand Rapids, Mich., a corporation, hereinafter called mortgage company, against W. W. Bain, of Motley county, on a note dated July 10, 1925, for the principal sum of $413.50, payable to the order of John S. Noel Company, on or before the 10th day of July, 1926, with interest thereon from maturity at the rate of 7 per cent. per annum, and covering attorneys' fees.

The evidence shows that a note was given by Bain in payment of the installation of a lighting plant at his home. Before maturity, on, to wit, July 16, 1925, the note was assigned and transferred by the John S. Noel Company to the mortgage company for $362.79. Bain was notified promptly of the transfer of the note, and to pay the mortgage company.

John A. Denton was the state agent of the John S. Noel Company and sold the lighting plant and installed it for said company. He was employed on a commission contract. On or about September 9, 1925, Denton, at the instance of Bain, wired the Noel Company as to what discount would be made for cash. The Noel Company called up the mortgage company, both being domiciled at Grand Rapids, Mich., and told them of this wire or inquiry, and the mortgage company agreed to take 15 per cent. discount for cash. Thereupon, Denton was informed that they would accept payment of the note at 15 per cent. discount for cash, and Bain paid said amount to Denton. In transmitting said payment to the Noel Company, the discounted payment amounting to $341.28, Denton deducted $150 as his cash commission, and $55 for "overage for installation," leaving a balance of $136.28; but Denton mailed his check for only $126. Later, Noel Company wrote Denton that he owed a balance of $10.28.

The evidence in the trial fails to show any disposition by John S. Noel Company of the amount received from Denton, and we are left to surmise as to whether or not said Noel Company paid to the mortgage company the amount received from Denton.

H. A. Aalderen, president of the mortgage company, testified: That the mortgage company purchased from John S. Noel Company the note in question and paid therefor $362.79. That said John S. Noel Company did refer to said mortgage company a wire from John A. Denton asking if the mortgage company would accept settlement of the Bain note less a discount of 15 per cent., to which the mortgage company replied that they would accept 15 per cent. discount for cash. That the John S. Noel Company was not authorized by the mortgage company at that time to wire said Denton said discount. That said note had never been paid on the books of the mortgage company. That John A. Denton was not an agent of the mortgage company, nor had he ever been an agent of that company.

Upon suit on the note, the defendant Bain pleaded that he had paid the note in full, and the controversy in the court below was as to whether said note had been paid in full to the rightful payee, or to its duly authorized agent.

The cause of action was submitted to the jury on special issues, which issues, and the answers thereto, are as follows:

"1. Was J. A. Denton authorized by the John S. Noel Company to collect the note here sued on September 1, 1925? Answer: Yes.

"2. Were the Guarantee Bond & Mortgage Company and the John S. Noel Company one and the same? Answer: Yes.

"3. Did the Guarantee Bond & Mortgage Company authorize the discount offered by John S. Noel Company? Answer: Yes."

Evidence was introduced by the defendant of John A. Denton who testified by deposition. He was asked:

"Q. Did you or not have a conversation with the said John S. Noel in regard to the Guarantee Bond & Mortgage Company, of Grand Rapids, Michigan? A. Yes.

"Q. If you answered the previous question that you did, then state fully what the conversation was. A. It was with reference to the collection of notes, that he and the Guarantee Mortgage Company was the same."

The contention of defendant below was that as a matter of fact the J. S. Noel Company and the mortgage company were one and the same company. Outside of this testimony of John A. Denton, there is no evidence in the record that there was any relation of identity between the J. S. Noel Company and the mortgage company, except that Earl C. Haner, witness for plaintiff below, testified that the mortgage company had not requested the John S. Noel Company to pay this note, nor had it filed suit against said John S. Noel Company to collect the Bain note. H. A. Aalderen testified to the same effect. Neither Haner nor Aalderen was asked the question as to whether the two companies were one and the same.

When the evidence before mentioned of John A. Denton was offered, plaintiff's counsel objected to said testimony, for the reason that any conversation between the said witness and said John S. Noel was not binding upon plaintiff and was irrelevant and immaterial. We think the objection was good and

that the introduction of this testimony, which evidently had a controlling influence on the jury in answering in the affirmative the question as to whether the Guarantee Bond & Mortgage Company and the John S. Noel Company were one and the same, was error. The assignment is sustained.

The testimony was evidently hearsay, and therefore incompetent, upon objection, to prove the affirmative of the issue as to whether or not the two companies were one and the same.

We are also inclined to think that the testimony of W. W. Bain, that he was a trustee of the Northfield school district in Motley county, and said district purchased a lighting plant for the school and gave a note for the plant, and that John A. Denton handled the sale of this at a bank at Childress, was subject to the objection made.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded.