**WILLIAMS v. FUERSTENBERG et al.**
**(No. 1123—5391.)**

Commission of Appeals of Texas, Section B.
Jan. 29, 1930.

Elliott & Moss, of Memphis, and Wear, Stollenwerck & Wear, of Hillsboro, for plaintiff in error.

Davidson & Davidson, of Childress, for defendants in error.

LEDDY, J. This controversy is one of trespass to try title to 82 acres of land, claimed to be a part of section 32, block H, A. B. & M. survey, in Hall county, Tex. The record owners of said section were denied a recovery upon findings of the jury that defendants in error, the heirs of J. C. Fuerstenberg, had acquired title to said tract under the 10 years' statute of limitation (Rev. St. 1925, art. 5510).

It is undisputed that the 82 acres involved was a part of section 32, which was originally owned by J. C. Vardy, and that plaintiff in error is the present owner of said section. In inclosing this section it seems that the fence was not placed on the true south boundary line of said survey, but was constructed at such a distance north thereof as to leave 82 acres outside of the inclosure. This omitted land was situated immediately north of and adjacent to section 39, which was owned by J. C. Fuerstenberg until his death in 1914, title thereupon passing to his heirs, who are the defendants in error.

It was shown that J. C. Fuerstenberg resided in the state of Oklahoma and never actually used or occupied the land in controversy, but it is claimed that through lease contracts made by him to Collier, Turner, Davis, and Cromartie, continuous adverse possession was held from 1902 for a sufficient period to perfect title thereto by limitation.

Plaintiff in error attacks the character of possession shown as being insufficient to vest title to such land in the owners of section 59. We conclude that his insistence in this respect must be sustained, as it conclusively appears that J. C. Fuerstenberg's possession through tenants was insufficient as a matter of law to perfect title by limitation under the 10 years' statute.

That title to land may be perfected by limitation through the character of holding defined by the statute under possession held by tenants is of course conceded. This is upon the theory that the landowner asserts a claim of ownership to the land involved by his act in leasing same to a tenant who holds for and in his behalf, the tenant's possession being his possession. In this case, however, it is disclosed that none of the lease contracts to the various tenants occupying section 39 included the land in controversy. The first lease was made to Jackson Collier in 1902. At that time section 39, which was situated south of and adjacent to section 32, was unfenced. The land leased to Collier by J. C. Fuerstenberg was described as section 39. It was fenced by Collier. No authority is shown from the owner for him to include 82 acres of section 32 within the inclosure of section 39. In fact, it affirmatively appears that his placing of the fence so as to include the 82 acres was on his own initiative. He was not authorized by the terms of the lease covering section 39, or by any subsequent contract, to fence any land except that included in his lease. After such lease terminated, no lease made by the owner of section 39 to succeeding tenants attempted to include the 82 acres as a part of the leased premises, but each of such leases described the land conveyed as section 39.

An owner of land is deemed to have had possession only to the extent that his tenant under the terms of a lease or contract has a right of possession. Texas Jurisprudence, vol. 2, p. 189, § 102. In other words, possession of a tenant of J. C. Fuerstenberg could not inure to his benefit on any other land than that covered by the lease. West v. Price, 2 J. J. Marsh. (Ky.) 380; 2 C. J., p. 74, § 49.

A very clear statement of the reasons underlying this rule is given in the West Case, above cited, wherein it was said: "But if a man give authority to a tenant to take possession of a certain close or tract of land, and the tenant enters on other lands not embraced by the authority, such entry cannot invest possession of the land entered upon, in the person, granting the authority. In reference to such an entry on land, there is no connection between landlord and tenant. The power given, is disengaged; the entry, therefore, is merely the tortious act of the tenant."

There is no claim in this case that Collier, Fuerstenberg's tenant, who originally fenced section 39 so as to include the 82 acres, which belonged to the owner of section 32, did so by authorization of his lessor. In describing the circumstances attending the fencing of the land, Collier testified: "I don't know anything about the lines, and there was nothing said about it, and it was that way for several years after. * * * No attention was paid to lines. We would just get enough of it and go on. * * * I just put the fence where I wanted it. Yes there was much fencing done that way those days."

If the owner of section 39, in the leases given subsequent to the time Collier fenced this land, had described the same by metes and bounds, or in a general way, so as to include the 82 acres in question, then the holding of tenants under such leases would have been the possession of the lessor, and, if continued for the requisite time, would have vested title in him by limitation. The pos-

session held by these successive tenants of land not included in their lease was not for and on behalf of their lessor; hence their holding did not constitute such adverse possession of the lessor as is essential to perfect title in him under the statute of limitation.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals [12 S.W.(2d) 812] be reversed, and that judgment be here rendered in favor of plaintiff in error.

CURETON, C. J. The judgments of the District Court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.