## GOOCH v. KEITH et al.

### No. 5091.

Court of Civil Appeals of Texas. Amarillo.

Feb. 20, 1939.

Clayton Heare, of Shamrock, for appellant.

R. H. Cocke, of Wellington, for appellees.

### STOKES, Justice.

This suit was filed by appellee, Mrs. T. A. Keith, against appellant, J. W. Gooch, upon two promissory vendor's lien notes, one in the sum of $833.33 and the other in the sum of $833.34, and to foreclose a vendor's lien on a lot in the town of Shamrock. At the close of the testimony, and upon motion of appellee, the court instructed the jury to return a verdict in her favor for the amount due on the notes, plus interest to the date of the judgment as provided in the notes, and attorney's fees on the amount due September 10, 1937, less interest and other credits shown on the notes. A verdict was returned in accordance with the instruction of the court, to which appellant duly excepted and gave notice of appeal.

Appellee has filed in this court a motion to affirm the judgment of the court below, with damages, alleging that the appeal is frivolous and made for delay.

Appellant has filed a brief in which he waives any right to further time for preparation of the appeal and agrees that the cause may be considered as submitted for final disposition by this court.

The case is submitted upon two propositions, the first of which is that the notes sued upon being payable to E. W. Blain and L. A. Manzer and the assignment and endorsement shown on the back of the notes as having been executed by L. A. Manzer on behalf of both himself and Blain, and appellant having filed a sworn denial that Blain executed the endorsement or authorized its execution by Manzer, an issue was made upon the question of whether or not appellee was the legal holder of the notes.

In our opinion there is no merit in this contention. Blain, one of the original payees in the notes, testified that he authorized Manzer to assign the notes and sign his name to the endorsement. He testified further that he did not authorize Manzer to execute an endorsement under which Blain would be liable as guarantor on the notes, but the testimony is uncontradicted that he authorized Manzer to transfer the notes to Mrs. Keith and to endorse them on his behalf. Blain is not a party to the suit and the form of the endorsement in so far as appellant is concerned is immaterial.

Furthermore, on the 14th of September, 1933, after the notes had been assigned to appellee, appellant executed an extension agreement in which he acknowledged that appellee was the legal and equitable owner and holder thereof and we think, in so far as the mere question of ownership of the notes is concerned, appellant having received from appellee whatever consideration and benefit that was accorded him by the extension, was estopped, as contended by appellee, from contesting her ownership of the notes.

By his second proposition appellant contends that the judgment is erroneous in that the amount assessed against him as attorney's fees is excessive. The peremptory instruction given to the jury by the court instructed them to assess the attorney's fees upon the amount due upon the notes September 10, 1937. Appellee seems to have acquiesced in this instruction as no objection thereto is shown in the record. The judgment provided for $183.33 attorney's fees, in addition to the principal and interest due on the notes. A close calculation reveals that, under the instructions of the court and the verdict of the jury, appellee was entitled to $173.87 as attorney's fees. The judgment is, therefore, excessive to the extent of $9.46. While this amount is small, yet appellant was entitled to have judgment entered in compliance with the pleadings and the verdict of the jury. In view of this, although the amount is small, we are not prepared to say the appeal was for delay only.

Appellant did not seek to have the trial court make correction of the error in the calculation and amount of the judgment except by an insufficient allegation in his motion for a new trial. Artesian Belt R. Co. v. Young, Tex.Civ.App., 155 S.W. 672; St. Louis & S. F. R. Co. v. Matlock, Tex.Civ. App., 141 S.W. 1067; Missouri, K. & T. R. Co. v. Fesmire, Tex.Civ.App., 150 S.W. 201. The relief could easily have been obtained under Arts. 2228, 2229, 2230, R.C.S., 1925.

**630**

Inasmuch as appellant has filed a brief in which the entire appeal is presented, and in view of the showing upon the face of the record that the judgment is excessive to the extent of $9.46, we have concluded to affirm the judgment at this time upon condition that appellee, within fifteen days, files a remittitur of $9.46, the costs of the appeal to be adjudged against appellant. Grier v. Powell et al., 14 Tex. 320; Raike v. Clayton, Tex.Civ.App., 175 S.W. 498; Ellis et al. v. Nat. City Bank, 42 Tex.Civ.App. 83, 94 S.W. 437; Guarantee Bond & Mortgage Co. v. Bain, Tex. Civ.App., 16 S.W.2d 554; De Hymel et ux. v. Scottish-American Mortgage Co., 80 Tex. 493, 16 S.W. 311.

In view of the fact that appellee has not filed a brief and, the case not having been set for submission upon the merits, under the rules she is not required to do so at this time, if she declines or fails to file the remittitur within the time allowed, the motion to affirm the judgment with damages for delay will be overruled.