**STANFORD et al. v. CHAMBLISS.**

No. 2184.

Court of Civil Appeals of Texas. Waco.

Jan. 11, 1940.

Arthur R. Eidson, of Hamilton, for appellants.

Allen & Allen, of Hamilton, for appellee.

TIREY, Justice.

On October 6, 1938, George Chambliss filed suit in the County Court of Hamilton county against Joe Stanford on verified account for the sum of $224.84, interest and costs of suit. Defendant seasonably filed a denial under oath. Thereafter Chambliss caused writ of attachment to be issued and levied on an automobile of defendant, Joe Stanford. The defendant seasonably executed and filed his replevy bond for the automobile. Thereafter on December 1, 1938 the case was tried before the court without the intervention of a jury and judgment was rendered for plaintiff against Joe Stanford and the sureties on his replevy bond for the sum of $232.26, together with all costs of suit. The defendant in open court excepted to the judgment and gave notice of appeal to this court. The defendant and his sureties duly executed and filed supersedeas bond and thereafter seasonably caused to be prepared and filed a transcript and statement of facts in this cause.

There are no bills of exceptions, save and except the exception noted in the judgment entered in the trial court. No assignments of error were filed in the trial court nor in this court and no brief was filed by appellants. This cause, after due notice, was regularly submitted in this court on December 7, 1939. The appellee, on November 30, 1939 filed in the trial court his suggestion of delay and asked that this cause be affirmed, with ten per cent damages. This instrument was filed in this court on December 2, 1939.

■ "It has always been held that the request for damages on suggestion of delay requires the court to examine the entire record for errors, whether assigned or not, and a reversal of the case if any errors are found. Riggs v. Horde, 25 Tex.Supp. 456, 78 Am.Dec. 584; Tidwell v. Starr (Tex.Civ.App.) 42 S.W. [778], 779." Ramey v. Phillips, Tex.Civ.App., 253 S.W. 323, 327.

■ We have carefully considered this record. Upon the trial of the cause, the appellee introduced his books and records of appellant's account without objection. The evidence is ample to sustain the judgment of the trial court. Under Article 1857 of the Revised Statutes, when a cause is affirmed by the Court of Civil Appeals, it is in the discretion of the court to include in their judgment or decree such damages not exceeding ten per cent on the amount of the original judgment as they may deem proper. However, under the conditions stated in Article 1860 of the Revised Statutes, the rule seems to be mandatory. Article 1860 provides as follows: "Where the court shall find that an appeal or writ of error has been taken for delay, and that there was no sufficient cause for taking such appeal, then the appellant or plaintiff in error, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment, interest and cost of suit thereon accruing."

■ After careful consideration, the court is of the opinion that the appeal in question has been taken for delay and that there was no sufficient cause for taking such appeal, and the appellant being the defendant in the court below, the judgment of the trial court is affirmed, with ten per cent damages as prayed for by appellee. See Granberry v. Mussman, Tex. Civ.App., 90 S.W. 533; Ellis v. National City Bank of Waco, 42 Tex.Civ.App. 83, 94 S.W. 437; Hennessy v. Sheldon, 79 U. S. 440, 12 Wall. 440, 20 L.Ed. 446; Harlan v. First State Bank of Sterling City, Tex. Civ.App., 285 S.W. 694, point at page 695; Marx v. Brown & Co., 42 Tex. 111; Grier v. Powell, 14 Tex. 320; Patton v. First National Bank of Garland, Tex.Civ.App.,

1 S.W.2d 501; St. Louis S. W. Ry. Co. of Texas v. Poyner, Tex.Civ.App., 109 S.W. 1004; 3 Tex.Jur. pp. 1132 to 1138 inclusive.

The judgment of the court below is therefore affirmed, with ten per cent of the amount thereof added.