No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

On Appellant's Motion for Rehearing.

Appellant has filed a motion for rehearing complaining that this Court refused to sustain his contention in each of Bills of Exception Numbers 1, 3 and 4. It will not be necessary to write further as they were fairly discussed in the original opinion.

By the fourth complaint he says that the trial court committed error in refusing to grant his special requested instruction No. 1, and that the question raised thereby was not brought to this Court's attention on original submission. This question did have the Court's attention on original submission and it was the opinion then, as now, that the question was so obviously contrary to law that a discussion of it would not be necessary. We adhere to that view.

Appellant's motion for rehearing is overruled.

**NILSEN et al. v. BONUGLI et ux.**

**No. 11952.**

Court of Civil Appeals of Texas.
San Antonio.

May 4, 1949.

**NOWELL, Justice.**

The question involved upon this appeal is the correctness of the trial court's allowance of a recovery by appellees of such items as building a barbecue pit, painting and papering a house, and other similar expenditures as "improvements in good faith."

The appellants, Barney Nilsen and wife, Nellie Nilsen, brought this action in trespass to try title to recover Lot No. 23 in Block No. 4, New City Block No. 6771, Western Heights Addition to the City of San Antonio, Texas. The petition was in statutory form. It was alleged that the ouster took place on July 2, 1946, and appellants sought a recovery of rents from said date. The appellees, Robert A. Bonugli and wife, Beulah Bonugli, pleaded that by agreement appellants had purchased the property for the benefit of appellees; that appellees were to pay appellants for the property and had in fact paid a substantial amount of the purchase price; that appellees had used and occupied the premises and with the knowledge, acquiescence and consent of appellant had made certain improvements thereon, which were listed in the petition as follows: Building a barbecue pit, $50; papering the bath room and kitchen and painting the woodwork inside, $150; building an alcove or roof over a side window, $150; repairing and building a fence $100; painting the house, $100; and placing windows in a back porch, $150.

Trial was to the court without a jury and judgment rendered allowing appellants a recovery of the title and possession of the property involved. The court recited in the judgment that appellees were indebted to appellants in the sum of $735, as and for rental upon said premises from July 1, 1946, to the date of judgment, but that the appellants were liable to appellees in the sum of $1,376.72, "being the value of improvements placed upon said property and the amount of money paid in upon said property by the" appellees. Judgment was rendered in favor of appellees and against appellants for $641, supposedly the difference between the two items. Of the amount of credits allowed the Bonuglis,

George R. Thomson, San Antonio, for appellants.

Guy Bonham, San Antonio, for appellees.

it seems that approximately $420 was represented by "improvements" and the balance by payments upon the purchase price of the property.

No request was made for findings of fact and conclusions of law and none appear in the record, except for those recited in the face of the judgment. In considering this appeal, we must presume that all findings having support in the evidence were found by the trial judge in support of the judgment.

In applying this rule the record supports the following findings:

Mrs. Bonugli is a niece of Mrs. Nellie Nilsen. Barney Nilsen was a sergeant in the United States Air Forces. In 1944, Nilsen decided to purchase the property here involved for his wife's niece and her husband. He paid part of the purchase money for the property and assumed an indebtedness against the same. The Bonuglis went into possession of the property, and from that time on paid various amounts upon the purchase price represented by the indebtedness existing against the property. With the knowledge, consent and acquiescence of Nilsen, certain repairs and improvements were made upon the premises, such as those set forth in the petition, including the papering of walls, painting inside and outside, etc.

The situation presented, therefore, is one in which the appellees have entered into possession of property under the belief that they were acquiring the same as their own, but under a contract which was legally unenforcible. They made certain improvements or repairs with the knowledge and consent of the legal owner of said property. It seems that most of the claims for "improvements" asserted by appellees could not be recovered under Articles 7393 and 7394, Vernon's Ann.Civ. Stats., as there is no evidence of the value of such improvements at the time the suit was filed, other than testimony relating to the original cost thereof, nor is there any evidence upon which an estimate of the value of the property with or without the improvements could be based. Article 7394; Thomas v. Quarles, 64 Tex. 491. However, it has been held that the recovery of the value of improvements made in good faith does not depend entirely upon the statute but may be afforded under the general principles of equity. 23 Tex.Jur. 382, § 9. It has also been pointed out that strict compliance with the statute is not necessary to obtain relief when the improvements are made with the full knowledge, acquiescence and consent of the owner of the land. Chief Justice Hemphill, in Saunders v. Wilson, 19 Tex. 201, said: "It is a familiar principle of equity, independent of the statute, that if the true owner stands by and suffers improvements to be made on his land, without notice of his title, he must pay for the improvements, on the maxim that he ought to have spoken when he was silent (quia tacuit cum clamare debuit), and on the rule of natural justice, that no one should be enriched by the loss or injury of another."

While in most cases a recovery for improvements should be allowed only when a compliance with the statute is shown, we are of the opinion that under the authority cited and the peculiar facts of this case, the trial court was authorized to allow appellees the credits awarded to them in the judgment.

The appellees, under an oral agreement, paid out money upon the belief that they were entitled to acquire the property and also made certain expenditures in repairing and improving the premises. By reason of having occupied and used the property they became liable to pay a reasonable sum as rental therefor. The case seems to present a situation wherein the trial court was called upon to adjust the equities between the parties, and in so doing he was not strictly bound by the statute, but could proceed upon general equitable principles. In the absence of a showing that an inequity resulted, the judgment of the trial court should not be disturbed.

In our opinion, the pleadings and evidence afford no basis for a claim against appellees for rents prior to the date of the alleged ouster in July of 1946.

None of the appellants' points presents a reversible error, and the judgment appealed from is affirmed.