Walter W. WEEMS et al., Appellants,

v.

Dallas E. HAWKINS et al., Appellees.

No. 6423.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 20, 1954.

Rehearing Denied Oct. 25, 1954.

James A. Lore and Robert B: Whitehead, Midland, for appellants.

Stubbeman, McRea & Sealy, Midland (Hamilton E. McRea and W. B. Browder, Midland, of counsel), W. N. Sands, Fort Worth, and Harry Page, Tulsa, Okl., for appellees.

MARTIN, Justice.

Appellants, the surviving children of and devisees under the joint and mutual will of Albert Weems and Hattie Weems, as plaintiffs in the trial court sued appellees, Dallas E. Hawkins; Amerada Petroleum Corp., a corporation; The Texas Company, a corporation; Magnolia Petroleum Company, a corporation; Warren Petroleum Corp., a corporation; George H. Coates; and Sinclair Oil and Gas Company, a corporation, as defendants alleging that plaintiffs were vested with fee simple title to all of fractional section 404 containing 8.5 acres, more or less, and all of fractional section 413 containing 20.5 acres, more or less, all in Block D, John H. Gibson Survey, Yoakum County, Texas except that part of said sections lying in and under the public roads running along and over the west and south sides thereof. The fractional sections lay along the west line of Sections 403 and 414 as owned by appellants and were within fences enclosing appellants' tracts. Appellants' sole claim of title in and to the tracts involved is based on the ten year statute of limitation, Article 5510, Vernon's Annotated Civil Statutes. Appellees claim title to said tracts of land as the record owners thereof.

At the close of testimony in the cause, appellants made a motion for an instructed verdict on the basis that the uncontroverted evidence established they had acquired title to the land in controversy under the ten year statute of limitation. This issue is brought forward on appeal by appellants' first point of error. Appellants' second

point is that the trial court erred in withdrawing the case from the jury and rendering judgment for defendants because the uncontroverted evidence established that plaintiffs had acquired title to the land in controversy under the ten year statute of limitation. Appellees' request, as defendants in the trial court, that the court withdraw the case from the jury and render judgment for them was granted. The appeal involves the sole issue of whether appellants acquired title to the two tracts of land and minerals therein under the provisions of the ten year statute of limitation.

All the evidence need not be discussed as appellants' claim of adverse possession under the ten year statute of limitation must rest finally upon proof of such possession as held by appellants' through their tenants. The undisputed evidence reveals that the possession as relied upon by appellants to perfect their title under Article 5510 was possession of the lands as held by appellants' tenants under written leases executed to such tenants by appellants. These written leases specifically described the lands leased to appellants' tenants as section 403 and section 414 in said Block D. John H. Gibson Survey, Yoakum County, Texas. The undisputed facts further reveal that appellees' title to the two tracts in controversy is based on written instruments of record as to the same. The controlling evidence as to title and ownership of the mineral or leasehold interest in the land is that evidence which reveals, without dispute, that fractional section 404 and fractional section 413, the tracts in controversy, were patented to W. J. Weaver by the State of Texas on March 19, 1940 and that on the same date such patents were issued to Weaver he executed and delivered to The Texas Company a forty year paid up oil and gas lease covering both of said fractional sections. Amerada Petroleum Corp., Magnolia Petroleum Co., Warren Petroleum Corp., George H. Coates and Sinclair Oil and Gas Company along with The Texas Company, claim under this oil and gas lease. The above facts govern the issue as to title to the tracts in controversy.

The issue as to title and ownership of the leasehold or mineral interest may be correctly resolved under the following legal principles. Irrespective of the character of adverse possession of the lands which appellants claim they held by and through their tenants, it is a settled principle of law that appellants could not hold possession of said tracts adversely to the State of Texas. "The State's title is not affected by the lapse of time, laches, adverse possession or payment of taxes." Humble Oil & Refining Co. v. State, Tex.Civ.App., 162 S.W.2d 119, 134 [17, 18], error refused; Weatherly v. Jackson, Tex.Com.App., 123 Tex. 213, 71 S.W.2d 259, Syl. 9, 10, 11. Immediately upon the State of Texas issuing patents to the lands in controversy, the patentee executed a forty year paid up oil and gas lease on both sections to The Texas Company. This lease effected a severance of the mineral estate from the surface estate. Stradley v. Magnolia Petroleum Company, Tex.Civ.App., 155 S.W. 2d 649, Syl. 1–3, error refused; Prince Bros. Drilling Co., Inc., v. Fuhrman Petroleum Corp., Tex.Civ.App., 150 S.W.2d 314, Syl. 4, error refused. Following such severance of the mineral estate from the surface estate, even if it be conceded that appellants held adverse possession of the surface estate, such possession would not constitute adverse possession and use of the minerals existing under the surface. Grissom v. Anderson, 125 Tex. 26, 79 S.W. 2d 619, Syl. 4; Wallace v. Hoyt, Tex.Civ. App., 225 S.W. 425, error refused.

The undisputed facts reveal that appellants' claim as to perfection of limitation title to either the surface or the mineral estate must finally rest on appellants' possession as exercised through their tenants in possession of such lands under written leases which specifically described the leased lands as sections 403 and 414. The record contains no evidence of possession of such character as will establish limitation title in appellants as to fractional sections 404 and 413 as such sections were never set forth or described in the written leases which appellants executed and delivered to their respective tenants

"An owner of land is deemed to have had possession only to the extent that his tenant under the terms of a lease or contract has a right of possession." Williams v. Fuerstenberg, Tex.Com.App., 23 S.W.2d 305, 306; Niendorff v. Wood, Tex.Civ.App., 149 S.W. 2d 161, Syl. 4, 5, 6, error refused; Brownlee v. Landers, Tex.Civ.App., 166 S.W.2d 734, Syl. 5, 6 and Deep Rock Oil Corp. v. Orsborn, Tex.Civ.App., 259 S.W.2d 625.

Under the above authorities any possession held by appellants through their tenants was only co-extensive with the boundaries of the specific sections described in the written leases. In addition to the above issue, it is worthy of note that appellants' tenants further testified that they were only holding possession of Sections 403 and 414, the specific sections as leased to them, and never knew fractional sections 404 and 413, the tracts in controversy, were within the enclosure used by them. Such tenants also testified that they made no claim to the fractional sections in controversy either for themselves or for the appellants as their landlord. Further, on April, 1951, W. J. Weaver wrote appellants advising them that he had purchased sections 413 and 404 from the State of Texas. Even following receipt of this information, appellants made no claim as to either of the tracts, did not tender the same for taxation or pay any taxes thereon. Lon R. Weems, one of the appellants, testified that following receipt of the letter advising of W. J. Weaver's claim of title to the lands in controversy, he filed the final account in 1951 as to the estate of Mrs. Hattie Weems, deceased, and in such account, made no claim of title to the tracts now in controversy. The uncontroverted evidence establishes that neither the appellants nor their tenants ever knew of the existence of the fractional sections of land within appellants' enclosure or ever made any adverse claim to the same even after appellants were notified in writing that W. J. Weaver held title to the fractional sections and was claiming such tracts.

■ The trial court, under the principles above detailed, correctly withdrew the case from the jury, denied all relief to the plaintiffs and rendered judgment for the defendants. Appellants' two points of error are therefore overruled and the judgment of the trial court is affirmed.