**Alfred G. SCOTT et al., Appellants,**

v.

**Donald Goldwyn SCOTT, Independent Executor and Trustee of the Will and Estate of H. Walter Scott, Deceased, Appellee.**

No. 3828.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

Rehearing Denied June 15, 1961.

Williams, Lee & Lee, Houston, for appellants.

Carl & Lee, Houston, for appellee.

McDONALD, Chief Justice.

This is a trespass to try title suit to 33 acres of land in Harris County, Texas. Trial was on the cross-petition of appellee, Donald G. Scott, Independent Executor of the Estate of H. W. Scott, deceased. Appellants Alfred G. Scott and sister, Margaret Scott Hollis, answered by plea of not guilty. The parties waived trial by jury and submitted all matters to the Court, which rendered judgment for appellee for title and possession of the land, and damages in the amount of $4,225.50.

Appellants appeal, contending: 1) The Trial Court erred in decreeing title in appellee; 2) The Trial Court erred in finding under the evidence that appellee was entitled to any damages.

We revert to appellants' 1st contention. Appellant asserts that the sole question is whether appellee established a common source of title with appellants. Appellants claim as devisees of C. M. Scott; and appellee claims as Independent Executor of the Estate of H. W. Scott, deceased. C. M. Scott and H. W. Scott were brothers.

The premises in dispute is a part of 111.-75 acres acquired in 1888 and 1889 by one J. F. Cooper. Cooper deeded 74½ acres by metes and bounds to James W. Scott and wife, C. H. Scott, in 1900. Under such deed James W. Scott and wife, C. H. Scott, went into possession of and occupied the entire Cooper homeplace tract of 111.75 acres. Prima facie title was therefore established in James W. Scott and wife, C. H. Scott, to the entire 111.75 acres. Watkins v. Smith, 91 Tex. 589, 45 S.W. 560.

James W. Scott died in 1901, leaving by will all of his property to his son, H. W. Scott. C. H. Scott (wife of James W. Scott) in 1910, by deed, purported to convey the entire 111.75 acre tract to her son, C. M. Scott (who was brother to H. W. Scott). In 1936, H. W. Scott and C. M. Scott executed and delivered to each other partition deeds to the entire 111.75 acre tract. The land in controversy in this case is a part of the land contained in the deed from C. M. Scott to H. W. Scott.

As noted, appellants claim under C. M. Scott, and appellee claims under H. W. Scott.

In such state of the record, appellants contend the trial court erred in decreeing title in appellee. Common source of title to the entire 111.75 acre tract is established in James W. Scott and wife, C. H. Scott, grandparents of appellee and appellants. The grandfather devised appel-

lee's father his interest. The grandmother deeded appellants' father her interest. Appellee's father and appellants' father then owned the entire tract together. They partitioned the 111.75 acre tract by reciprocal deeds, appellee's father receiving the land here in controversy by such action. We hold appellee established common source of title with appellants, and moreover, appellants are estopped to deny that the conveyance from C. M. Scott vested title in H. W. Scott. Appellants' 1st contention is overruled. See Scott v. Washburn, Tex.Civ. App., 324 S.W.2d 957, W/E Ref. n. r. e., involving other litigation of same 111.75 acre tract).

 Appellants' 2nd contention is that the trial court erred in awarding any damages. The trial court awarded $4,225.50 damages to appellee. Appellants admitted and the trial court found that appellants had cut $250 worth of timber from the property. Appellee was entitled to the $250 for timber cut. Fenley v. Ogletree, Tex. Civ.App., 277 S.W.2d 135, W/E Ref. n. r. e. Appellant commenced the operation of a fishing camp on these premises and on 10 adjoining acres which belonged to appellants, after this case was filed. Appellant testified he collected $3,975.50 in admission fees at $1.00 per car for permitting people to come on the land to fish (after the filing of this suit and prior to trial); and in addition, collected $1,670 from the property during the week of April 30, 1959. Appellee was entitled to receive damages for the actual rental value of the property. The rental actually received by appellants is a proper measure of recovery by appellee. Brownlee v. Landers, Tex.Civ.App., 166 S.W.2d 734, no writ hist.; Small v. Brooks, Tex.Civ.App., 163 S.W.2d 236, W/E Ref. Appellant complains that the $3,775.50 admission fees was gross receipts and cannot constitute actual rental value of the property, not taking into account salary, overhead, etc. We note that the trial court did not include the sum of $1,670 which appellant testified he collected from the property during the week of April 30, 1959. Furthermore, a fair inference from the record is to the effect that other sums were realized off the property since appellant sold cold drinks, bait, and rented cabins, and none of the proceeds from such was included in the judgment.

■ We think Justice Norvell's statement in Nilsen v. Bonugli, Tex.Civ.App., 220 S.W.2d 178, 180, (no writ hist.), is here applicable:

"By reason of having occupied and used the property they became liable to pay a reasonable sum as rental therefor. The case seems to present a situation wherein the trial court was called upon to adjust the equities between the parties, and in so doing he was not strictly bound by the statute, but could proceed upon general equitable principles. In the absence of a showing that an inequity resulted, the judgment of the trial court should not be disturbed."

Appellants' 2nd contention is overruled.

The judgment of the trial court is affirmed.